MAY WILSON et al. v. STATE.

No. A-7784.   Opinion Filed April 4, 1931.
(297 Pac. 826.)

Tillman & Tillman, for plaintiffs in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

CHAPPELL, J. The plaintiffs in error, hereinafter called defendants, were convicted in the district court of Osage county of the crime of burglary in the second degree, and their punishment fixed by the jury at imprisonment in the state penitentiary for a period of two years.

The evidence of the state was that on the 11th day of June, 1929, defendants broke into and entered the home of John W. Davis and stole and carried away a grip containing various articles of clothing and jewelry of the aggregate value of $100.

Defendants admit entering the house and taking the property, but declare their intention was not to steal but to play a practical joke on one Glendenning, who they thought lived at that place; that they took the grip and contents and placed them under a culvert.

Defendants assign 24 alleged errors of the trial court, but brief and argue but two questions.

First, that the evidence is insufficient to support the verdict of the jury.

Under this assignment defendants argue that the evidence of the state is insufficient to establish the unlawful intent of the defendants.

Direct evidence of the intent to commit crime is not necessary. It may be shown by indirect evidence, as well

as direct, and intent is to be gathered from all of the facts and circumstances in the case. If the evidence of such intent be made to appear to the satisfaction of the jury beyond a reasonable doubt, that is all the law requires.

16 Corpus Juris, 773, states the rule:

"The elements of the offense may be established by circumstantial evidence, where direct evidence is not available."

A person is presumed to intend the natural, probable, and usual consequences of his acts. People v. Moxley, 17 Cal. App. 466, 120 Pac. 43; State v. Asal, 79 Mont. 385, 256 Pac. 1071.

Where it is shown that the accused broke into and entered the house, it may ordinarily be presumed that he did so with intent to commit theft. Vickery v. State, 62 Tex. Cr. R. 311, 137 S. W. 687, Ann. Cas. 1913C, 514.

The question of the intent of the defendants was an issue submitted to the jury under the most favorable instructions, and the jury did not accept their explanation that they were attempting to play a practical joke. The jury seems to have reached the conclusion that that was carrying a joke too far.

A defendant may testify as to what his intent was, but the jury are not bound by his statement or explanation. People v. Martinez, 17 Cal. App. 579, 12 Pac. 786.

Defendants next contend that the court erred in permitting the state to introduce irrelevant, incompetent, and immaterial evidence prejudical to their rights.

The evidence objected to went to the ownership of the grip and the articles or property therein contained. The taking of the property was not a necessary ingredient of

the offense charged. The gist of the crime was the breaking and entering with intent to steal.

In State v. Simpson, 32 Nev. 138, 104 Pac. 244, Ann. Cas. 1912C, 115, that court said:

"The offense of house breaking under the statute (Comp. Laws, § 4713), making every person who in the daytime shall enter a dwelling house, with intent to steal, guilty of house breaking, is complete when the house is entered with the specific intent to steal, and the actual stealing or attempt to steal property therein is but evidence of such intent, and the allegation in the indictment of ownership of the property in the house is mere surplusage."

An indictment which charges a breaking and entering with intent to commit larceny is sufficient. It need not state whose goods defendant intended to steal. People v. Shaber, 32 Cal. 36.

The evidence being sufficient to support the verdict of the jury, and the errors of law complained of being without substantial merit, the cause is affirmed.

DAVENPORT, P. J., concurs. EDWARDS, J., absent, not participating.