Johnny Clyde **BUTLER**, Petitioner,

v.

The **STATE** of Oklahoma, Respondent.

No. A–14601.

Court of Criminal Appeals of Oklahoma.

June 19, 1968.

Johnny Clyde Butler, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge.

Johnny Clyde Butler has filed his petition in this Court seeking his release from the State Penitentiary, where he is presently serving a term of not less than four, nor more than twelve years upon a conviction for carrying firearms after conviction of a felony, after prior conviction of a felony.

Defendant claims that the sentence passed upon him is excessive, and that the maximum penalty for said crime is not to exceed ten years. He also claims that he was denied an attorney at his preliminary hearing before a justice of the peace.

Petitioner attaches to his petition a copy of the judgment and sentence rendered against him on November 13, 1967, which shows that the defendant was "personally present in open court, and being duly represented in all appearances before the court by his attorney of record John L. Greer", and that he entered a plea of guilty to the crime of carrying firearms after conviction of a felony, after prior conviction of a felony.

The Attorney General has filed a response to which is attached copy of the felony information charging that this petitioner was carrying a .38 caliber pistol in his automobile, and that said accused had been previously convicted of the crime of burglary in the second degree in Pottawatomie County on July 14, 1964, in case No. 6196; and, further, that on July 14, 1964 defendant entered a plea of guilty to a charge of assault and battery with a dangerous weapon, case No. 6206, and was sentenced to serve two years, this sentence to run concurrently with the sentence in case No. 6196.

According to the records before us, it is evident that the defendant was represented by counsel at his arraignment in the district court, at which time any objection to the proceedings on preliminary examination in the justice court could have and should have been raised; otherwise, any irregularity in such proceedings was waived.

The two prior felony convictions clearly brought petitioner's charge of carrying firearms after former conviction of a felony under the provisions of the Habitual Criminal Act (21 O.S.A. § 51 et seq.).

The Court finds that under the provisions of the statutes the indeterminate sentence of not less than four nor more than twelve years is not unreasonable.

Petitioner states in his petition that he does not seek a post conviction appeal.

The petition for writ of habeas corpus is denied.

NIX, P. J., and BUSSEY, J., concur.