Joe Arthur **CARBRAY**, Plaintiff In Error,

v.

The **STATE** of Oklahoma, Defendant In Error.

No. A–14450.

Court of Criminal Appeals of Oklahoma.

Sept. 24, 1969.

Jay D. Dalton, Tulsa, Public Defender for Appeals, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Presiding Judge.

Plaintiff in Error, Joe Arthur Carbray, hereafter referred to as defendant, was charged and tried in the District Court of Tulsa County, Oklahoma, for the crime of Carrying Firearms, After Former Conviction of Felony. Defendant was convicted by a jury and on the 12th day of April, 1967, the jury returned a verdict finding him guilty and assessed his punishment at ten years confinement in the state penitentiary. Judgment and sentence was imposed on April 17, 1967, from which this appeal was perfected and oral argument was heard by the Court.

Only two witnesses were introduced by the State in defendant's trial, and the defendant offered no testimony and did not take the witness stand to testify in his own behalf.

On September 28, 1966 defendant and another man were observed standing on the parkway in front of the home of Mrs. Raymond Cates at 2272 East 34th Street in Tulsa, Oklahoma, when she returned there in her automobile about six-thirty or seven o'clock in the evening. It was late evening and was commencing to get dark, but she recognized that the two men were not residents of the area and became frightened. While in her car she managed to stop Mr. Ronald Marsh, who was in his private car and at that time was a rookie on the Tulsa Police Force. Mrs. Cates informed Marsh of her concern. Officer Marsh circled in the vicinity and finally observed the defendant, whom he knew and recognized on sight. He encountered the defendant in a conversation in the street in front of the Cates home. Sometime during the discussion with the officer, according to the testimony of Mrs. Cates, the defendant pitched something in her yard. When she gained the officer's attention, he went to where she was standing behind her car in her drive-way. At that moment, the defendant departed from the scene. Officer Marsh testified that the defendant commenced to walk from the area, and about the time he reached the edge of the Cates property line, he commenced to run. When the officer was informed by Mrs. Cates that defendant had pitched something into the yard, he went over to the

place pointed to with his flash-light and found a .22 caliber nine shot revolver. Thereafter he was apprehended and charged with the crime of carrying a firearm, after former conviction of felony.

Defendant was charged with carrying a firearm after having formerly been convicted for three felonies. At the conclusion of the state's case, the former convictions were stipulated by defense counsel. The stipulation was read into the record, so the jury could hear it being read.

In support of his appeal, defendant's brief contains two assignments of error, as follows. (1) That the verdict is not sustained by sufficient evidence and is contrary to law. (2) That the verdict and sentence of the jury were results of passions and prejudice, and that the punishment assessed this defendant was excessive and unmerited by the evidence.

■ For his first proposition defendant relies heavily on the contradictory statements of testimony between that of Mrs. Cates, and the testimony of Officer Marsh, as being sufficient to reverse his conviction. We readily admit that such conflict does exist as to certain aspects of defendant's description, as contended by defendant; However as we review the record, there was sufficient evidence concerning the other material facts for the case to be submitted to the jury, even though the evidence was conflicting. The trial court's instructions to the jury were proper and consequently, we believe the trial court did not commit error when defendant's motion for a directed verdict was denied. The record reflects that the material aspects testified to by the witnesses were in agreement. Those facts, coupled with the surrounding circumstances, appear sufficient to justify the jury's verdict.

Defendant contends in his second proposition that the passions of the jury were so aroused that its members were prejudiced by the recitation of three former convictions sustained by defendant. He states

also that only one former conviction is required to fulfill the element of the crime. Admittedly, only one former felony conviction meets that requirement. See: Anderson v. State, Okl.Cr., 381 P.2d 892 (1963). We observe also, that the jury assessed the maximum punishment against the defendant, and that the three former convictions were listed in the information, which was read to the jury.

Insofar as the defendant offered no defense and did not testify in his own behalf, in an effort to explain his situation, we are hard pressed to determine whether or not such prejudice might have existed. In Avants v. State, Okl.Cr., 432 P.2d 932 (1967), Avants testified and offered some explanation concerning how he came to be in possession of the pistol, under a similar charge. In that case we felt justified in modifying his sentence. However, in the instant case we are left only with conjecture, to answer this question. This is true notwithstanding the fact that defense counsel moved for a mistrial, after the information was read to the jury; and thereafter he contended that a two-stage proceeding should be allowed. He should have raised that question prior to the reading of the information, "instead of laying behind a log" and raising it after the trial commenced in an effort to obtain his mistrial.

Defendant argues for modification of his sentence in his second proposition and states: "[T]he conflict in testimony of the two prosecuting witnesses for the State was such that justice requires the ten (10) year sentence to be modified." He then lists earlier cases, which set forth that authority of the Court: Fritz v. State, 8 Okl.Cr. 342, 128 P. 170 (1912); and quotes the following from Hall v. State, 78 Okl.Cr. 389, 149 P.2d 268 (1944). In Hall v. State, supra, this Court said, while quoting from Alder v. State, 53 Okl.Cr. 374, 12 P.2d 545, 547:

"Upon what consideration then shall this court modify the judgment? Having

regard for the law, we cannot do so for reasons of sentiment or sympathy; we can do so only if we can say judicially that under the entire record the punishment is too severe and that justice requires it to be modified." See also: Hudson v. State, Okl.Cr., 374 P.2d 923 (1962).

But again we point out, that defendant offered nothing for this Court to consider, when he failed to offer some defense or other explanation; consequently, we are left only with conjecture concerning what the jury might have felt, coupled with sympathy for the long sentence assessed him. Relying on that conjecture, why was the defendant in a neighborhood—not his own—with a weapon at his disposal? Failing to provide an answer to such a question may have caused the jury to feel that such punishment was warranted, because of the absence of some explanation. We again refer to the situation of Avants in Avants v. State, supra, as a comparison.

In contract to defendant's contention and statement of the law formerly provided by this Court, the Attorney General cites the following statement found in French v. State, 73 Okl.Cr. 141, 118 P.2d 664 (1941):

"The Criminal Court of Appeals will not interfere with the punishment imposed by a trial court, where defendant has not taken the witness stand in his own behalf."

Therefore, having considered this case thoroughly, we are of the opinion that notwithstanding the fact that defendant was assessed the maximum sentence authorized by the statutes, insofar as it was assessed by the jury we find no justifying or compelling reasons for modifying the same. We are therefore of the opinion that the judgment and sentence imposed against defendant, Joe Arthur Carbray, in Tulsa County District Court case number 22,216, on April 17, 1967, should be, and the same is therefore, affirmed.

BUSSEY and NIX, JJ., concur.