Claude **BAEZA**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A-15100.

Court of Criminal Appeals of Oklahoma.

Nov. 25, 1970.

As Corrected Dec. 2, 1970.

Rehearing Denied Jan. 13, 1971.

James O. Braly, Durant, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in error, who shall hereinafter be referred to as defendant, was charged by information with the crime of Carrying a Firearm, After Former Conviction of a Felony. The defendant was tried before a jury who set defendant's punishment at eight years in the penitentiary, and from that judgment and sentence the defendant appeals.

It is to be observed that the information relates four previous felony convictions as the basis for the primary offense of carrying a firearm after a conviction of a felony. The crimes recited were: Case No. 3979—assault with a deadly weapon in 1950; Case No. 3978, assault with a deadly weapon; Case No. 3994, conjoint robbery; also, Case No. 4326, burglary second degree. Though the state introduced copies of the judgment and sentences, there was never any showing that

defendant was represented by counsel on any of the previous convictions. In the case of Graham v. State, Okl.Cr., 462 P.2d 309 (1969), this Court held in substance:

"Where the judgment and sentence of former convictions fail to reflect whether the defendant was represented by counsel or effectively waived the right to such representation, the District Attorney should secure a duly authenticated record of the court's minutes, establishing this fact, and attach the same to the duly authenticated copy of the judgment and sentence."

The United States Supreme Court in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 held that it is impermissible to allow "a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense." 389 U.S., at 115, 88 S.Ct., at 262. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 made it "unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one." 389 U.S., at 114, 88 S.Ct., at 261. The rule is retroactive, Doughty v. Maxwell, 376 U.S. 202, 84 S.Ct. 702, 11 L. Ed.2d 650, and presuming waiver of counsel from a silent record is impermissible. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70.

■ It is to be noted the record is absolutely silent as to whether defendant was represented by counsel or had effectively waived counsel.

■ It is further observed that said cause was tried in a one-stage proceeding contrary to decisions of this Court. See Berry v. State, Okl.Cr., 476 P.2d 390, (opinion handed down July 1, 1970, rehearing denied Nov. 16, 1970.) Lovell v. State, Okl.Cr., 455 P.2d 735.

The procedure in such cases is to try defendant in a two-stage procedure as in Harris v. State, Okl.Cr., 369 P.2d 187. In the first stage of the proceedings the jury should determine whether or not defendant is guilty of carrying a firearm. After this

has been done, the state should then offer evidence of a former conviction in a second stage, and the jury instructed on the penalty provided for carrying a firearm after former conviction of a felony.

■ A review of the instructions reveals that the trial court gave an instruction setting forth the good time and credit a prisoner is entitled to, as provided in 57 O.S.Supp., 1968, § 138. The Court has heretofore held this to be error. See, Williams v. State, Okl.Cr., 461 P.2d 997. Also, Williams v. State, Okl.Cr., 475 P.2d 622 (handed down by this Court on October 7, 1970).

There is the additional question as to whether or not the weapon possessed by defendant in the instant case (a .22 rifle) was the type of weapon the law intended to prohibit one from carrying under 21 O.S.A. § 1283, and we respectfully request the trial judge to give earnest consideration to this question.

For the above and foregoing reasons, this case is Reversed and Remanded for disposition in accord with this decision.

Reversed and remanded.

BRETT, P. J., and BUSSEY, J., concur.