William Edward WASHINGTON,
Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15707.

Court of Criminal Appeals of Oklahoma.

Feb. 3, 1971.

As Corrected Feb. 5, 1971.

Ed McConnell, Oklahoma City, for plaintiff in error.

G. F. Blankenship, Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Plaintiff in error, William Edward Washington, hereinafter referred to as defendant, was found guilty by a jury in the District Court of Oklahoma County, Case No. 33,905, of "Carrying a Concealed Weapon, After Former Conviction of a Felony" with punishment fixed at three years imprisonment. Judgment and sentence was imposed accordingly on February 4, 1969. A purported appeal filed with this Court as Case No. A–15,175 was dismissed as out of time. Subsequently, upon defendant's application for an appeal out of time under 22 O.S.Supp.1969, § 1073, docketed as out Case No. A–15,290, this Court on October 22, 1969, granted permis-

sion for defendant to file an appeal out of time. That appeal has now been perfected in the instant cause.

The language "Carrying a Concealed Weapon, After Former Conviction of a Felony" is misleading, if not inaccurate. It sounds as if one who is carrying a concealed weapon, prohibited in 21 O.S. 1961, § 1271, has been charged under the subsequent felony offender statute 21 O.S. Supp.1970, § 51, to increase the punishment. However, since "Carrying a Concealed Weapon" is a misdemeanor, the subsequent offender statute, 21 O.S.Supp.1970, § 51, cannot be invoked to enhance punishment.

Rather, the offense is simply "Carrying a Firearm by a Felon", prohibited in 21 O.S.1961, § 1283, which is a felony offense punishable from one (1) to ten (10) years. 21 O.S.1961, § 1284. The offense of a "felon carrying a firearm" under § 1283 is not restricted to concealed items, but applies only to firearms and not weapons in general. As an example, a felony charge of "Carrying a Concealed Weapon, After Former Conviction of a Felony" alleging defendant carried a knife would be defective.

Although the information in the instant case charges "Carrying a Concealed Weapon, After Former Conviction of a Felony" and the same language is used in the instructions and judgment and sentence, the specific charge is carrying a gun after defendant had been convicted of a felony. This states an offense under § 1283 and it is this statutory language given the jury. Where possible, an information should cite the statute by title and section which is the basis for the prosecution.

The information herein, a one page instrument, alleged defendant's two former felony convictions, and was read to the jury at the beginning of the trial. This violates the rule recently announced in Baeza v. State, Okl.Cr., 478 P.2d 903:

"It is reversible error to read language of an information alleging defendant's prior convictions in the opening statement of the district attorney or refer to his prior felony convictions in said opening statement."

However, since the evidence of guilt is clear, and defendant has almost completed the sentence imposed, we are of the opinion that in the interest of justice, the error supports modification of the sentence to time served.

It is, therefore, the order of this Court that the sentence herein be modified to time served, and as modified, the judgment and sentence is otherwise affirmed.

BUSSEY, P. J., and BRETT, J., concur.