Farrell Gene **KNIGHT**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. A–17144.

Court of Criminal Appeals of Oklahoma.

Oct. 18, 1972.

As Corrected Oct. 20, 1972.

Curtis Parks, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for appellee.

## OPINION

BRETT, Judge.

Appellant, Farrell Gene Knight, hereinafter referred to as defendant, was convicted in the District Court of Tulsa County, Case No. CRF 71–933, of carrying a firearm after a felony conviction, and sentenced to not less than seven nor more than ten years imprisonment. Judgment and sentence was imposed on October 7, 1971, and this appeal perfected therefrom.

It was charged by information that on May 22, 1971, the defendant was carrying on his person a firearm, a .38 caliber revolver. The second page of the information alleged that prior thereto defendant had been convicted of four different felonies. The evidence established that on May 22, 1971, at approximately 4:00 A.M., a Tulsa Policeman, Officer Kragel, saw the defendant walking down the street and asked him to approach the officer's police vehicle. As defendant approached the vehicle, the officer saw a weapon and instructed defendant to drop the weapon. The weapon dropped by the defendant was a .38 caliber revolver. After the jury had determined that the defendant was guilty of carrying a firearm, the second phase of the trial was conducted in which evidence established that the defendant had previously been convicted of four felonies.

On appeal defendant contends that the trial court erred in denying a motion to suppress the firearm, which defendant argues was discovered as a result of an il-

legal arrest; and that the trial court erred in admitting evidence of more than one former felony conviction.

 Defendant argues that the officer had no probable cause to arrest the defendant as he walked down the street, and that therefore the weapon found on the defendant as a result of an illegal arrest is inadmissible. The officer testified that upon seeing the defendant walking down the street at 4:00 A.M. in the morning, that he asked defendant to come over to the police vehicle. As defendant was walking around the front of the police vehicle, the officer said: "I seen him reach down into his trousers and pull out just enough to notice that it was a weapon." The officer then told defendant to halt and drop the weapon. Defendant did so, and it is this weapon which forms the basis for the conviction.

We cannot accept defendant's contention that there was an illegal arrest, as in our view there was no arrest made prior to the discovery of the weapon by the officer. Defendant argues that the police officer, in asking the defendant to approach the police vehicle, effected an arrest. We do not agree. " 'There is, of course, nothing unreasonable in an officer questioning persons outdoors at night. . . .' " State v. Chronister, Okl.Cr., 353 P.2d 493. People v. West, 144 Cal.App.2d 214, 300 P.2d 729. For an officer to merely stop and make inquiry of a person on the street does not constitute an arrest. To constitute an arrest there must be some actual restraint of the individual's freedom of movement, or attempt to take the person into custody. As we view the evidence, the officer was merely making an inquiry of the defendant and in no way had attempted to restrain him of his liberty or take him into custody. When in the process of making inquiry he saw a firearm on the defendant's person, the officer was adequately justified in then placing the defendant under arrest.

As to defendant's second contention, it is not error to allege and prove more than one former felony conviction for purposes of enhancing punishment under the Habitual Criminal Act, 21 O.S. 1971, § 51. Baeza v. State, Okl.Cr., 478 P.2d 903, Walker v. State, Okl.Cr., 485 P.2d 761. Stanford v. State, Okl.Cr., 363 P.2d 515 (1961).

Finding defendant's assignments of error to be without merit, we conclude that the judgment and sentence should be and is hereby, affirmed.

BUSSEY, P. J., concurs.