**Billy Ray DOLPH, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–74–I.**

Court of Criminal Appeals of Oklahoma.

March 8, 1974.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BLISS, Presiding Judge:

In the District Court, Oklahoma County, Case No. CRF–72–2786, appellant, Billy Ray Dolph, hereinafter referred to as defendant, was charged, tried and convicted for the offense of Carrying a Firearm, After Former Conviction of a Felony. His punishment was fixed at the indeterminate sentence of two and one-half (2½) to nine (9) years imprisonment. From said judgment and sentence, a timely appeal has been perfected to this Court.

Sergeant R. J. Milton, of the Oklahoma City Police Department, testified that on November 20, 1972, he was at a residence located in the vicinity of the 1500 block of S.W. 52nd. At approximately 2:20 p. m. he heard a loud crash and walked outside the residence and observed the defendant seated in the driver's seat of a 1960 Buick Special. Behind the Buick was parked a 1962 Chevrolet with a female seated in the driver's seat. From his observation, he determined that an accident had occurred. Following this incident, both cars left the scene with Milton in pursuit. After momentarily loosing these two vehicles in traffic, he observed the Buick parked at S.W. 44th and Pennsylvania near a U-Totem Store. Milton approached the Buick, found it unoccupied, and observed a revolver lying on the front seat. Almost simultaneously, Milton observed the 1962 Chevrolet parked nearby. He observed the defendant seated in the passenger seat of this vehicle. The Chevrolet departed, Milton followed it to a residence located at 5316 S. Kentucky and arrested the defendant for carrying a concealed weapon.

Officer Harold Behrens, of the Oklahoma City Police Department, testified that on the day following the defendant's arrest he interrogated the defendant regarding information concerning the firearm. After the defendant was given proper Miranda warnings, the defendant stated that at the time of the collision observed by Officer Milton, defendant's wife, the driver of the 1962 Chevrolet, was pushing him in an attempt to start his Buick. He

stated that the defendant's statement generally established he did not have knowledge of the firearm being inside of the car. Upon impact of the collision, the revolver slid from beneath the front seat, whereupon, defendant picked it up and placed it on the seat. In defendant's statement defendant denied knowledge of the firearm being beneath the seat.

Thereafter, the State rested.

For the defense Theta Dolph, wife of the defendant, testified that she was driving the Chevrolet at the time of the above mentioned incident. However, she further testified that earlier in the day she had driven the Buick while one Frank Linnsinger was a passenger therein and she observed him with the firearm, State's Exhibit 1, and saw him place it beneath the front seat of the Buick. She was positive in her testimony that the weapon belonged to Linnsinger and not her husband, the defendant, who knew nothing of its being in the vehicle.

Thereafter, the defense rested.

The jury deliberated and returned a verdict of guilt. Thereafter, counsel stipulated to the former convictions and the jury, unable to reach a verdict concerning punishment, left the punishment to the court. The court imposed the above mentioned indeterminate sentence.

Defense counsel argues in his first proposition that the evidence is legally insufficient to sustain the jury's verdict. In the case of Thompson v. State, Okl.Cr., 488 P. 2d 944 (1971), this Court addressed itself to the legal sufficiency of the evidence adduced in a prosecution for carrying a concealed weapon after a former conviction of a felony. In the body of that opinion at page 949 this Court stated as follows:

*"Aside from the above errors, each sufficient for reversal, we find the evidence was insufficient to convict due to the absence of proof of defendant's guilty knowledge.* To constitute a crime, the act must be accompanied by a criminal intent on the part of the accused. Finley v. State, 84 Okl.Cr. 309, 181 P.2d 849. Generally, an implication or infer-

ence of criminal intent to commit a crime may arise from certain established facts. Thus, from the fact a gun was found in the glove compartment, it may be presumed defendant knew of its presence and intended to operate the vehicle containing the gun. However, the presumption of criminal intent .is rebuttable and inference of criminal intent is removed by circumstances showing the absence of criminal intent.

"To convict defendant for carrying a firearm in a vehicle which he was operating, it was necessary not only to show defendant was in the car when the gun was there, but also it must be shown defendant knew the gun was there. The presumption of guilty knowledge was removed by direct evidence that defendant had no knowledge of the presence of the gun. Defendant denied he knew the gun was in the car. Gilbert, the owner of the car, testified that the gun was his and that defendant did not know of its presence in the glove compartment. Other witnesses corroborated Gilbert had bought the gun and had used it outside the defendant's knowledge, and that defendant did not have such a gun and had not used such a gun. Thus, we have nothing more than the presumption of knowledge refuted by direct evidence of lack of knowledge. We find the presumption was rebutted and the inference removed.

"The rule is settled that although a conviction may be obtained by circumstantial evidence, a conviction may not be obtained where the circumstances do not exclude every reasonable hypothesis except that of guilt. Williams v. State, Okl.Cr., 478 P.2d 359 (1970). Brown v. State, Okl.Cr., 481 P.2d 475 (1971)." (Emphasis added)

In viewing the above authority, we note that if we should apply the above rule to this case, we would be compelled to reverse defendant's conviction as the facts in the instant case are within the above rule. We, however, hold that the court's determination that the evidence in *Thompson,*

 

supra, was legally insufficient to be a misapplication of the discussed rule. In substance, the language of *Thompson,* supra, holds that the presentation of the defense, the defendant did not have knowledge of the presence of the firearm, rendered the circumstantial evidence legally insufficient to sustain a jury's verdict. The underlying rationale for this holding concludes the "presumption" or "inference" of knowledge of the firearms' presence, being rebutted by direct evidence of lack of knowledge, removed the presumptions, and rendered the proof insufficient to sustain the element of intent to possess.

■ Rather than embark on a detailed discussion on "presumptions" and "inferences" we simply state that this Court should have found in *Thompson,* supra, the finding of the firearm in the glove compartment of defendant's vehicle constituted circumstantial proof that defendant knew of its presence and intended to operate the vehicle containing the gun. Consequently, this Court should have found the presentation of rebuttal evidence negating defendant's knowledge of the presence of the gun did not render this evidence insufficient, but created a conflict in the evidence to be resolved by the trier of facts. The question of whether defendant knew of the presence of the firearm was a question to be determined by the jury. Where there is a conflict in the evidence, it is the exclusive province of the trier of facts to weigh the evidence, determine the truth, and determine defendant's guilt or innocence. A question of fact relating to the merits of the suit is beyond the scope of review in this Court. See Enoch v. State, Okl.Cr., 495 P.2d 411 (1972). Consequently, we expressly overrule the language in *Thompson,* supra, pertinent to the issues in this case and find this proposition to be without merit as it involves a factual determination exclusively within the jury's province.

■ Defense counsel next asserts that the punishment imposed is excessive. We find the trial court did not abuse its discretion in assessing the indeterminate sentence imposed in the instant case. The penalty imposed does not shock this Court's conscience and, consequently, is not ground for modification. See Jackson v. State, Okl.Cr., 494 P.2d 358 (1972). We therefore find this proposition to be without merit.

The judgment and sentence is affirmed.

BUSSEY, J., concurs.

BRETT, J., dissents.