James W. WILLIAMS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–634

Court of Criminal Appeals of Oklahoma.

March 18, 1977.

Rehearing Denied June 20, 1977.

John Romig Smith, Oyler & Smith, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, James W. Williams, hereinafter referred to as defendant, was charged, tried and convicted of Carrying a Firearm, After Former Conviction of a Felony in violation of 21 O.S.1971, § 1283, in the District Court, Oklahoma County, Case No. CRF–75–1722. The jury fixed punishment at eighteen (18) months' imprisonment. Defendant has perfected this timely appeal.

Briefly stated, the testimony indicates that on May 20, 1975, the defendant was

driving an automobile owned by another person. Midwest City Police Officers Ted Askew and Richard Allgeir observed the vehicle weaving on the roadway and, after stopping it, removed the defendant-driver who had an aroma of alcohol about him and whose speech was slurred. After arresting him for DUI and public drunk, and after placing him in the patrol vehicle, Officer Askew returned to defendant's car and, looking through the driver's window, observed the butt of a revolver protruding from a light blue suit coat[1] on the floorboard of the passenger's side of the vehicle. He said the gun—a .38 caliber—was loaded with one super vel round with a wad cutter and stated the gun would fire. He also said that during the seventy-five mile per hour chase of about one mile in duration, the defendant leaned over to the passenger's side of the car. On cross-examination, Officer Askew said the revolver was not protected for fingerprints, and when he returned to the patrol car and asked the defendant about the weapon, the defendant denied any knowledge of a gun. [Tr. 108]

The Washington County Court Clerk testified that James Williams was convicted in Case No. CRF–72–620 and a Bartlesville police officer identified the defendant as the James W. Williams convicted in Case No. CRF–72–620.

■ We must reverse and remand this case for failure of the trial court to properly instruct the jury. The court gave five instructions and only Instruction No. 3 referred to the elements of the crime itself, which reads as follows:

"You are further instructed that the law of the State of Oklahoma provides that it shall be unlawful for any person having previously been convicted of any felony in any court of a state or the United States to carry on his person, or in any vehicle which he is operating, or in which he is riding as a passenger, any pistol, imitation or homemade pistol, machine gun, sawed-off shotgun or rifle, or any other dangerous or deadly firearm which could be as easily concealed on the person, in personal effects or in any automobile, as a sawed-off shotgun."

This instruction is a virtual parroting of 21 O.S.1971, § 1283. There is no mention of a requirement of finding of knowledge, intent, mens rea, etc.

Defendant's requested instructions defining "wilfully" and "knowingly" and another regarding his theory of defense, that he had no knowledge of the weapon in the vehicle, were rejected by the court.

Courts have looked on criminal intent as a necessary element of crime, or as we said in paragraph seven of the Syllabus in *Finley v. State*, 84 Okl.Cr. 309, 181 P.2d 849, 859 (1947), "criminal intent is the essence of all criminal liability, . . ."

A latin phrase expresses the identical sentiment in perhaps a more poetic tone: "Actus non facit reum, nisi mens sit rea—a crime is not committed if the mind of the person doing the act is innocent." *United States v. Lovely*, 77 F.Supp. 619, 621 (E.D.S.C.,1948).

But, legislatures of recent date have made certain acts criminal without regard to intent or knowledge of the actor.

" 'While the general rule at common law was that the *scienter* was a necessary element in the indictment and proof of every crime, and this was followed in regard to statutory crimes, even where the statutory definition did not in terms include it . . ., there has been a modification of this view in respect to prosecutions under statutes the purpose of which would be obstructed by such a requirement. It is a question of legislative intent, to be construed by the court. . . .' " (Citations omitted) *United States v. Ballint*, 258 U.S. 250, 251, 252, 42 S.Ct. 301, 302, 66 L.Ed. 604, 605 (1922), as quoted in *Magnolia Pipe Line Co. v. State*, 95 Okl.Cr. 193, 243 P.2d 369 (1952). [Emphasis added]

■ This Court has said that to ascertain the intention of the legislature:

1. Defendant was wearing light blue pants which matched the coat.

" '[T]he court may look to each part of the statute, to other statutes upon the same or relative subjects, to the evils and mischiefs to be remedied, and to the natural or absurd consequences of any particular interpretation.' " *Magnolia Pipe Line Co. v. State*, supra, quoting *Blevins v. W. A. Graham Co.*, 72 Okl. 308, 182 P. 247 (1919).

When the statute is silent, "knowledge and criminal intent are generally essential if the crime involves moral turpitude, but not if it is malum prohibitum." 22 C.J.S. Criminal Law § 30. Other elements to consider in determining the legislative intent include "the subject matter of the prohibition and its manifest purpose and design, and the consequences of the several constructions to which the statute may be susceptible." 22 C.J.S. Criminal Law § 30, pp. 103, 104. [Footnotes omitted] This Court stated, in *Wilson v. State*, 50 Okl.Cr. 310, 297 P. 826 (1931):

"If the evidence of such intent be made to appear to the satisfaction of the jury beyond a reasonable doubt, that is all the law requires."

In *Thompson v. State*, Okl.Cr., 488 P.2d 944 (1971), overturned in part on another issue in *Dolph v. State*, Okl.Cr., 520 P.2d 378, 380 (1974), we said:

". . . To constitute a crime, the act must be accompanied by a criminal intent on the part of the accused. *Finley v. State*, 84 Okl.Cr. 309, 181 P.2d 849. Generally, an implication or inference of criminal intent to commit a crime may arise from certain established facts. Thus, from the fact a gun was found in the glove compartment, it may be presumed defendant knew of its presence and intended to operate the vehicle containing the gun. However, the presumption of criminal intent is rebuttable . .

"To convict defendant for carrying a firearm in a vehicle which he was operating, it was necessary not only to show defendant was in the car when the gun was there, but also it must be shown defendant knew the gun was there. . . ."

In *Dolph v. State*, supra, we held:

"[T]his Court should have found in *Thompson* . . . the finding of the firearm in the glove compartment of de-fendant's vehicle constituted circumstantial proof that defendant knew of its presence and intended to operate the vehicle containing the gun. . . ." at page 381.

■ We, therefore, hold that it was not the intent of the Legislature, in enacting the statute, to convict one who has no guilty intent or knowledge, and that the term "wilfully" as used in the information and the term "knowingly" are necessary parts of the statute language and should be explained in the jury instructions.

■ We further hold that where there is evidence of lack of knowledge, however slight, and the defendant relies on it as his defense, an instruction covering same must be given to the jury where properly requested by the defendant.

■ In the case at bar there was such evidence, i. e., the officer's recollection that defendant disclaimed any knowledge of the revolver and ownership of the vehicle by a person other than the defendant. As this Court held in *Dolph v. State*, supra, at 381:

". . . The question of whether defendant knew of the presence of the firearm was a question to be determined by the jury. Where there is a conflict in the evidence, it is the exclusive province of the trier of facts to weigh the evidence, determine the truth, and determine the defendant's guilt or innocence. A question of fact relating to the merits of the suit is beyond the scope of review in this Court." [Citation omitted]

■ Although this case must be reversed and remanded for the reasons above stated, and the issue is not properly before us, an examination of the record leads us to conclude that some clarification is necessary of the procedures to be followed by counsel for the defendant and the court when, as in the instant case, the defendant is charged with Carrying a Firearm, After Former Conviction of a Felony and the former con-

viction elevates the offense from a misdemeanor to a felony. In the case before us the defendant was convicted in a single stage trial in violation of the rule for a bifurcated, or two-stage, hearing, as set forth in *Baeza v. State*, Okl.Cr., 478 P.2d 903 (1970), wherein we stated:

"The procedure in such cases is to try defendant in a two-stage procedure as in *Harris v. State*, Okl.Cr., 369 P.2d 187 [referring to second and subsequent punishment enhancement statute]. In the first stage of the proceedings the jury should determine whether or not defendant is guilty of carrying a firearm. After this has been done, the state should then offer evidence of a former conviction in a second stage, and the jury instructed on the penalty provided for carrying a firearm after former conviction of a felony."

Also see, *Thompson v. State*, supra.

Before entering his plea, the defendant should file a Motion for Bifurcated Proceedings, and if not filed before the plea is taken, the error is deemed waived.[2] When a Motion for Bifurcated Proceedings is filed, prior to the entry of the plea of not guilty, the trial court should follow the rule enunciated in *Baeza v. State*, supra, in all particulars.

For the above and foregoing reasons, this case is REVERSED AND REMANDED FOR A NEW TRIAL.

BLISS and BRETT, JJ., concur.

## ON REHEARING

BUSSEY, Presiding Judge:

The State of Oklahoma has filed a Petition for Rehearing in the above styled and numbered cause, and asks this Court to reconsider the requirement for bifurcated proceedings as set forth in our Opinion,

arguing that only a "fortuitious circumstance of the destination of the arrestee"[1] may determine whether he is entitled to a one-stage or two-stage trial.

The State also argues that the underlying felony conviction is a substantial requirement of 21 O.S.1971, § 1283, and as such, is an essential element of the crime which must be pled and proved in a single stage hearing, analogous to prosecution under 21 O.S.Supp.1976, § 443, Escape from a Penal Institution.

While there is some merit to the State's argument, this Court is of the opinion that it must give way to the need to accord the accused due process and to avoid, where possible, any procedure which may unnecessarily prejudice the jury. In most instances of violations of § 1283, as exemplified by the case at bar, it is possible, by utilization of the bifurcated proceedings, to shield the jury from potential prejudicial evidence as it makes its decision on guilt or innocence. However, in other cases a one-stage trial is mandated by virtue of the fact that the arrestee carried the weapon in total compliance with the Oklahoma Firearms Act[2] and the sole violation of state law came from combining the carrying of a weapon with the felony conviction (§ 1283, supra).

We agree with the State when it argues that the prior felony conviction is an essential element of a violation of § 1283, but in the interest of constitutional due process, that element must await the second stage of the trial to be introduced, when possible.

In light of the above reasoning, the Petition for Rehearing is DENIED, and the Clerk of this Court is directed to issue the Mandate FORTHWITH.

BRETT, J., concurs.

2. It should be noted that the only exception to the bifurcated trial rule is found in *Marr v. State*, Okl.Cr., 513 P.2d 324 (1973), which allows a single stage trial when the firearm in question is unloaded and carried in compliance with 21 O.S.1971, § 1289.7, which would be legal except for the fact that the person carrying the firearm is a felon. The determining factor is whether the first page of a proposed two-page information contains facts sufficient to allow a jury a finding that a state statute has been violated. If not, then a single page information may be used, as in *Marr v. State*, supra.

1. See 21 O.S.1971, § 1289.6.

2. See 21 O.S.1971, § 1289.1, et seq.