Samuel Earl **HOLDING, Appellant,**

v.

The **STATE of Oklahoma, Appellee.**

No. F–82–473.

Court of Criminal Appeals of Oklahoma.

July 16, 1984.

**404**

Garland Bloodworth, Bloodworth & Hoover, Oklahoma City, for appellant.

Michael C. Turpen, Atty. Gen. of Oklahoma, Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

On December 14, 1980, Samuel Earl Holding, the appellant, was driving his pickup truck west on State Highway 37 when he collided with a motorcycle. The motorcyclist died from injuries sustained in the accident. The appellant was charged in the District Court of Grady County, Case No. CRF–80–216, with committing Manslaughter in the First Degree in violation of 21 O.S.1981, § 711(1) on the theory that the death was effected by the appellant while committing the misdemeanor of driving under the influence of intoxicating liquor. The jury found the appellant guilty as charged and recommended a four year sentence, which the court imposed. From this judgment and sentence, a timely appeal has been perfected to this Court.

■ A breathalyzer test was administered on the appellant at 8:45 on the night of the accident. He alleges in his first assignment of error that admission of the results of that test was error because the test was not given within two hours after he was arrested. Title 47 O.S.1981, § 756 provides in pertinent part as follows:

Upon the trial of any criminal action or proceeding arising out of acts alleged to have been committed by any person while driving or in actual physical control of a motor vehicle while under the influence of alcohol or intoxicating liquor, evidence of the amount of alcohol in the person's blood as shown by a chemical

analysis of his blood or breath is admissible. For the purpose of this section: (e) To be admissible such evidence must first be qualified by establishing that such specimen was obtained from the subject within not more than two (2) hours of the arrest of the subject.

Officer Locke testified at preliminary hearing that he was the first officer to arrive at the accident scene and that he arrested the appellant no later than 6:30 p.m. Although other police officers who arrived later testified that the appellant was arrested by another officer at a later time, they were not present when Officer Locke arrested the appellant and could not know whether Officer Locke had in fact already placed the appellant under arrest.

As we stated in *Castellano v. State*, 585 P.2d 361 (Okl.Cr.1978):

*The line between an investigatory detention and an arrest* can indeed be thin, and *often depends upon the intention of the officer involved.* If an officer is momentarily detaining a person in order to make inquiry so as to determine his identity and obtain more information, and is in no way attempting to restrain him of his liberty or take him into custody; then the stop does not constitute an arrest but, rather, is an investigatory detention. *To constitute an arrest, there must be some actual restraint of the individual's freedom of movement, or attempt to take the person into custody.* Knight v. State, Okl.Cr., 502 P.2d 347 (1972).

*Id.* at 365 (emphasis added).

Officer Locke testified that the appellant was not free to leave, that he was put in the patrol car and was under arrest. From this testimony it is obvious that the appellant was, as a matter of law, under arrest by 6:30 p.m. As the breath specimen was not obtained within two hours of the arrest, it was error to deny the motion to suppress the results of the breathalyzer test. Accordingly, the case must be reversed.

■ We discuss the other assignments of error only to the extent necessary in

case of retrial. The instruction that is the subject of the appellant's second assignment of error need not be given in light of our finding that the appellant was, *as a matter of law,* under arrest at 6:30 p.m. On retrial, the State should not be allowed to offer testimony regarding transportation of an open container unless the bottle can be produced.

This case is hereby REVERSED and REMANDED to the district court for further proceedings consistent with this opinion.

BUSSEY, P.J., and PARKS, J., concur.