Charles Allen DEAR, Appellant,

v.

STATE of Oklahoma, Appellee.

No. M–88–114.

Court of Criminal Appeals of Oklahoma.

May 18, 1989.

Charles Davis, Clearmore, for appellant.

Robert H. Henry, Atty. Gen. and Marc Bovos, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Charles Allen Dear, appellant, was tried by jury for the crimes of Unlawful Possession of Paraphernalia in violation of 63 O.S.1981, § 2–405(B) (Count I), and Carrying a Weapon in violation of 21 O.S.1981, § 1272 (Count II), in Case No. M–88–114 in the District Court of Rogers County. Appellant was represented by counsel. The jury returned a verdict of guilty and set punishment at ninety (90) days in the county jail and a five hundred dollar ($500.00) fine on Count I and six (6) months in the county jail and a five hundred dollar ($500.00) fine on Count II. The trial court subsequently granted a new trial on Count I, but sentenced appellant to six (6) months in the county jail, with three months suspended, and a fine of five hundred dollars ($500.00) on Count II. From this judgment and sentence, appellant appeals to this Court.

At approximately 3:00 a.m. on June 13, 1987, Claremore Police Officer Scott Williams stopped a car occupied by appellant and Tony Tune. Officer Williams pulled the car over because he had observed it travelling in the wrong lane. As Officer Williams had the appellant and Mr. Tune standing outside the vehicle, Officer Mark Chamberlain arrived. Officer Chamberlain observed Mr. Tune reach into the front seat of the automobile and hand Officer Williams a pair of wooden num chucks. After Officer Chamberlain reached the car, he viewed a red bong pipe laying in the middle of the front seat and some small scales laying in the front dashboard.

While conducting a search of the vehicle, Officer Chamberlain discovered two sets of metal spiked knuckles underneath the front seat. Appellant stated that neither the knuckles nor the car belonged to him, and that he was merely driving the car.

In his first assignment of error, appellant contends that there was insufficient evidence presented at trial to convict him of possession of offensive weapons. Specifically, appellant asserts that the State failed to prove that he knew the weapons were in the car.

Appellant raised the same question in the trial court with his requested jury instruction, wherein he asked the court to instruct the jury that "[p]roof of mere proximity to a prohibited substance is insufficient to establish possession; there must be additional evidence of knowledge and control." (O.R. 21). However, quoting statutory language, the trial court instructed the jury,

It shall be unlawful for any person to carry upon or about his person, or in his portfolio or purse, any pistol, revolver, dagger, bowie knife, dirk knife, switchblade knife, spring-type knife, sword cane, knife having a blade which opens automatically by hand pressure applied to a button, spring, or other device in the handle of the knife, blackjack, loaded cane, billy, hand chain, metal knuckles, or any other offensive weapon. Any person convicted of violating the foregoing provision shall be guilty of a misdemeanor. (O.R. 10)

*See* 21 O.S.1981, § 1272. The State argues that Section 1272 makes it a crime simply "to carry upon or about his person," an offensive weapon.

 It does not appear that, in an attempt to regulate the carrying of weapons, the legislature established "knowingly" as an element of the offense. However, criminal *intent* is the essence of all criminal liability. *See Williams v. State*, 565 P.2d 46, 48–50 (Okla.Crim.App.1977). We therefore hold that it was not the intent of the legislature, in enacting this statute, to convict one who has no guilty intent or knowledge. We further hold that where there is evidence of lack of knowledge, however slight, and the defendant relies on it as his defense, an instruction covering same must be given to the jury where properly requested by the defendant. *See Williams, supra.* Therefore, appellant's conviction for Carrying a Weapon, in violation of 21 O.S.1981, § 1272, must be REVERSED and REMANDED for a new trial.

BRETT, P.J., and LANE and LUMPKIN, JJ., concur.

PARKS, V.P.J., specially concurs.

PARKS, Vice Presiding Judge, specially concurring:

Where the Legislature, in enacting a statute imposing criminal liability, omits a *mens rea* requirement and the defendant argues intent is a necessary element, the question must be resolved as a matter of legislative intent. *See Williams v. State*, 565 P.2d 46, 48 (Okla.Crim.App.1977). The Oklahoma Legislature did not respond to *Williams* by amending the statute to make clear that its omission of a *mens rea* requirement was deliberate. Absent a clear legislative intent to the contrary, I see no reason why *Williams* should not be extended to 21 O.S.1981, § 1272. Accordingly, I concur.