**Robert Eugene SNYDER, a/k/a, Eugene Robert Snyder Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–86–684.

Court of Criminal Appeals of Oklahoma.

Dec. 4, 1989.

Rehearing Granted April 25, 1990.

On Rehearing Feb. 7, 1991.

Thomas Purcell, Asst. Appellate Public Defender, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Appellant, Robert Eugene Snyder, a/k/a, Eugene Robert Snyder, was convicted by a jury of Possession of a Firearm After Conviction of a Felony, After Former Conviction of Two or More Felonies, in the District Court of Stephens County, Case No. CRF–85–292. 21 O.S.Supp.1983, § 1283; 21 O.S.Supp.1985, § 51. He was sentenced to twenty (20) years imprisonment, and appeals.

Appellant originally was also charged with Shooting with Intent to Kill. The two charges were tried to the jury with the jury returning a verdict of not guilty on the shooting allegation but guilty on the firearm possession charge. According to the testimony at trial, appellant owed some men money for a drug buy; these men were armed and had been looking for appellant for about a week. The shooting occurred when the two men found appellant at a friend's house. The testimony was undisputed that appellant was armed with a .38 caliber gun and that he fired it in the house where the encounter took place. Appellant gave the gun to police after he turned himself in a couple of days later.

Appellant raises only one issue on appeal. He claims that the charge of felonious possession of a firearm cannot be enhanced under 21 O.S.Supp.1985, § 51, therefore a sentence of twenty (20) years is unauthorized and must be modified to a term that is within the bounds allowed by statute. *See* 21 O.S.Supp.1983 § 1284. Appellant and the state do not cite any cases where this court has addressed this issue directly nor do we find any. However, in *Butler v. State*, 442 P.2d 532 (Okl. Cr.1968), this court stated unequivocally that the Habitual Criminal Act, 21 O.S. 1981, § 51 can be applied. Although the facts recited in *Butler* were very scant we do find from them that the defendant was given an indeterminate sentence of four to twelve years, the twelve being two years longer than the maximum under Section 1284. The implication being that Section 51 was applied. In the case of *Knight v. State*, 502 P.2d 347 (Okl.Cr.1972), this court again said that Section 51 can apply, however, there is no indication in that case how the issue was formed. The punishment given in *Knight* was within the limits of Section 1284 without enhancement although he had four prior convictions and he was sentenced to an indeterminate sentence of not less than seven nor more than ten years. Appellant has cited other cases enforcing Section 1283 in which the defendants have had several prior convictions and in none of them have the defendants received sentences longer than the basic terms provided for in Section 1284. *See Washington v. State*, 481 P.2d 180 (Okl.Cr. 1971); *Baeza v. State*, 478 P.2d 903 (Okl. Cr.1970); *Carbray v. State*, 461 P.2d 989 (Okl.Cr.1969). We do not find that the failure to use Section 51 with Sections

1283, 1284 means that it was ever prohibited by statute or by case law.

The other type of cases appellant has offered as authority by analogy, are cases that deal with the escape statutes where this court has said that Section 51 cannot be used to enhance since a felony conviction is presumptively an integral part of the offense. Cf. *Delfrate v. State*, 732 P.2d 900, 902 (Okl.Cr.1987); 21 O.S.1981, § 443. In 1988 the Legislature amended Section 443 and it is now the law that Section 51 can be used but only if there are offenses in excess of the one the defendant is serving when the escape occurs. We find that change to be a statement of public policy by the Legislature and one that can and should be applied to the issue of whether or not Sections 1283, 1284 and 51 can be applied conjunctively and if so when. We therefore find, a charge under Section 1283 cannot be enhanced by reference to Section 51 if the felony conviction relied upon is the threshold conviction needed to bring a charge under Section 1283. The rationale for this ruling is founded on the fact that the proof of at least one felony is necessary to provide one of the elements of the offense. *See Williams v. State*, 565 P.2d 46 (Okl.Cr.1977); Oklahoma Uniform Jury Instructions, Criminal 625. Second or subsequent convictions can be used for enhancement if they otherwise meet the requirements of Section 51 as we have explained above.

The appellant in this case had been convicted only twice before this offense therefore it was error to instruct the jury to allow them to return a sentence of twenty (20) years. *See* 21 O.S.1981, § 51(B). The lesser punishment enhancement rule should have been applied. *See* 21 O.S.1981, § 51(A)(1). In order to allow for any prejudice that may have resulted from the erroneous instructions on enhancement, we hereby modify appellant's sentence to the minimum enhanced sentence the jury could have found appropriate if the proper instructions had been given.

We therefore find the appellant's sentence should be modified to a term of ten (10) years. The case is therefore RE-VERSED and REMANDED to the District Court of Stephens County to correct the Judgment and Sentence to show appellant's conviction is AFFIRMED and his SENTENCE is MODIFIED to ten (10) years.

PARKS, P.J., LANE, V.P.J., and LUMPKIN and JOHNSON, JJ., concur.

## OPINION ON REHEARING

BRETT, Judge:

Appellant, Robert Eugene Snyder, a/k/a, Eugene Robert Snyder, was charged and subsequently found not guilty of the crime of Shooting With Intent to Kill, After Former Conviction of Two or More Felonies, in violation of 21 O.S.Supp.1981, § 652, and 21 O.S.Supp.1985, § 51, in Case No. CRF–85–292, in the District Court of Stephens County. He was also charged and convicted of Possession of a Firearm After Conviction of a Felony, in violation of 21 O.S.Supp. 1983, § 1283, After Former Conviction of Two or More Felonies and sentenced to twenty (20) years imprisonment. From this judgment and sentence, the appellant perfected his appeal to this Court.

In his direct appeal, the appellant claimed in his sole assignment of error that his sentence was improperly enhanced under the Habitual Offender Act, 21 O.S. Supp.1985, § 51, because one of the previous convictions used to enhance his sentence was an element of the present offense. In the original opinion, we noted that although Section 51 had never been used to enhance a conviction under Section 1283, such is not necessarily precluded by statute or case law. We also analogized the present case to escape cases wherein this Court has found that Section 51 cannot be used to enhance where a previous felony conviction is presumptively an integral part of the offense. However, a 1988 amendment to escape statute 21 O.S.Supp.1981, § 443, allows enhancement where there are prior offenses in excess of the one that is an element of the present offense. We noted in the original opinion that the same public policy principle should be applicable to enhancement of convictions under Sec-

tion 1283.[1] Thus, under this analysis, and based upon the belief that the appellant had only two prior convictions, one of which was the felony conviction underlying the present offense, we found merit in the appellant's assignment of error and we modified his sentence to ten (10) years imprisonment.

Subsequently, the State petitioned this Court for rehearing on this case based upon the fact that the appellant actually had three prior convictions rather than two. This third conviction was not taken into account when the case was originally decided by this Court. Thus, in light of the foregoing analysis, we find that the decision to modify the appellant's sentence was incorrect and the trial court's sentence should stand as imposed.

We therefore find that the original Judgment and Sentence of twenty (20) years imprisonment should be AFFIRMED.

LANE, P.J., LUMPKIN, V.P.J., and PARKS and JOHNSON, JJ., concur.

---

1. The argument that an interpretation of Section 1283 consistent with the public policy set forth in the 1988 amendment to 21 O.S.1981, § 443 is an *ex post facto* violation is misplaced. Our reference to that amendment is as an analogy only. Thus, the interpretation of Section 1283 consistent with Section 443 does not constitute an *ex post facto* violation.