NOT DESIGNATED FOR PUBLICATION

No. 121,541

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DESMOND D. ANTWINE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER M. MAGANA, judge. Opinion filed August 21, 2020. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., BRUNS and POWELL, JJ.

PER CURIAM: Desmond D. Antwine appeals the district court's revocation of his probation and imposition of his underlying prison sentence. After a review of the record on appeal, we find no error and hold that the district court did not abuse its discretion in revoking Antwine's probation. As such, we affirm the district court.

1

FACTUAL AND PROCEDURAL BACKGROUND

In July 2018, Antwine pled guilty to possession of marijuana with intent to distribute and fleeing or attempting to elude law enforcement. The district court sentenced him to an underlying sentence of 111 months' imprisonment, granted a downward dispositional departure, and placed Antwine on probation. As part of Antwine's probation, he was ordered not to use or consume alcohol and was prohibited from using, carrying, or possessing a firearm. The district court authorized an interstate compact to Oklahoma.

In October 2018 Antwine stipulated to violating the terms of his probation, and the district court extended his probation.

Only a few months later, the State again alleged Antwine violated the terms of his probation stemming from events on January 11, 2019, at the Will Rogers World Airport in Oklahoma City, Oklahoma. On that day, Officer Kirk Dowell of the Oklahoma City Police Department was on duty at the airport when he responded to a duress alarm at a TSA security checkpoint around 8 p.m. When Dowell arrived at the checkpoint, a TSA agent showed him an image of a loaded pistol in a bag. The TSA agent informed Dowell the bag containing the pistol belonged to Antwine, and Antwine confirmed the bag was his.

Dowell escorted Antwine to a private screening area, and Dowell opened the bag to retrieve the loaded gun. Upon doing so, Dowell smelled a strong order of marijuana, but he did not find any drugs in the bag. Antwine's coat was on top of the pistol, and several bundles of cash were in the bag. As Dowell removed the loaded gun from the bag, Antwine stated, "[O]h, my God, I can't have that," and explained he was on probation. Dowell ran the gun's serial number and discovered the gun had been reported stolen. A more thorough search of the bag revealed six bundles of cash, each of which contained

2

$1,000, some of which bore sequential serial numbers. Antwine told Dowell he had placed the money in the bag and it belonged to his employer—a vending machine company.

Dowell testified he could smell alcohol on Antwine's breath as they were talking. Antwine told Dowell he was traveling to Colorado for his daughter's softball game. A review of the airport surveillance footage confirmed Antwine had the bag in his possession from the time he entered the airport to the time he got to the security checkpoint. Antwine told Dowell he had left his father's house that night "and had thrown his jacket and belongings in that bag." Dowell arrested Antwine for various offenses related to the gun. Antwine left jail on bond on February 11, 2019, but did not notify his probation officer of his contact with law enforcement until February 26, 2019.

On March 26, 2019, the State filed a warrant alleging Antwine violated the terms of his probation by committing the offenses of felon in possession of a firearm, carrying a weapon into a public building, failing to notify his probation officer within 24 hours of law enforcement contact, and being in possession of a firearm.

On May 24, 2019, the State filed a second warrant alleging Antwine violated the terms of his probation by consuming alcohol, committing the offenses of receiving or possessing stolen property, receiving or possessing drug proceeds, and traveling to Colorado without permission from his probation officer.

At an evidentiary hearing on the warrants, Antwine's counsel argued the State had failed to prove that Antwine knew the gun was in his bag and asserted the State failed to prove any of the other allegations in the two warrants. Yet the district court found that the State had proven all four allegations in the March 26th warrant as well as the allegation in the May 24th warrant that Antwine had consumed alcohol. The district court found that the other allegations in the May 24th warrant had not been proven by a preponderance of

3

the evidence. The district court summarized the evidence and declared it was "too big a stretch" to believe Antwine had no knowledge that the gun was in his bag. As a result, the district court revoked Antwine's probation and ordered him to serve his underlying prison sentence.

Antwine timely appeals.

ANALYSIS

Antwine argues the district court abused its discretion in revoking his probation and imposing the underlying prison sentence because there was not sufficient evidence to support the finding that he violated the terms of his probation. He makes several specific arguments that relate to each probation violation found by the district court. The State responds there was substantial evidence to support Antwine's alleged violations and, thus, the district court properly revoked his probation.

The district court must base its decision to revoke probation on a factual finding that the defendant violated a condition of probation. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). The State has the burden to establish a probation violation by a preponderance of the evidence. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). We review the district court's factual finding that a violation occurred for substantial competent evidence. 38 Kan. App. 2d at 315. Once such a violation has been established, the decision to revoke probation is within the district court's discretion. *Gumfory*, 281 Kan. at 1170. The district court abuses its discretion if it bases its decision on legal or factual errors or if no reasonable person would agree with its decision. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019).

Yet, this discretion is limited by the intermediate sanctions requirement outlined in K.S.A. 2018 Supp. 22-3716. Generally, a district court is required to impose intermediate

4

sanctions before revoking an offender's probation. K.S.A. 2018 Supp. 22-3716(c)(1); see *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997 (2015). However, there are exceptions that permit a district court to revoke probation without having previously imposed the statutorily required intermediate sanctions; one of those exceptions allows the district court to revoke probation if the probationer commits a new crime while on probation. K.S.A. 2018 Supp. 22-3716(c)(8)(A). Here, among other findings of probation violations, the district court found by a preponderance of the evidence that Antwine violated the terms of his probation by committing two new crimes in Oklahoma—felon in possession of a firearm and unlawfully carrying a firearm—as alleged in Oklahoma City District Court Case Number CF-2019-610.

Antwine argues the district court's findings were erroneous because he did not have the proper mens rea under the Oklahoma statutes to be found guilty of those crimes because, as he asserts, he did not intentionally possess the firearm. Thus, because the district court's finding was lacking in evidentiary support, the district court erred in revoking his probation. The State argues sufficient evidence supports the district court's findings and Antwine's probation was properly revoked.

As discussed, we review the district court's factual finding that a violation occurred for substantial competent evidence. *Inkelaar*, 38 Kan. App. 2d at 315. In other words, we review the finding for legal and relevant evidence that a reasonable person could accept as being adequate to support the district court's finding that the probationer violated the terms of his or her probation. See *State v. Doelz*, 309 Kan. 133, 138, 432 P.3d 669 (2019). In doing so, we view the evidence in the light favoring the State, the prevailing party. See *State v. Rosa*, 304 Kan. 429, 432-33, 371 P.3d 915 (2016). But we do not reweigh the evidence or reassess witness credibility. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016).

Antwine asserts that because he did not know the gun was in his bag, he could not have violated Okla. Stat. tit. 21, § 1272 (2018) (unlawfully carrying a firearm) and Okla. Stat. tit. 21, § 1283 (2018) (felon in possession of a firearm). See *Harmon v. State*, 122 P.3d 861, 864 (Okla. Crim. 2005) (holding crime of felon in possession of firearm requires knowledge of possession of firearm); *Dear v. State*, 773 P.2d 760, 761 (Okla. Crim. 1989) (holding crime of unlawfully carrying firearm requires knowledge of possession of firearm). Yet, importantly, the State did not have to prove Antwine was convicted of these new crimes while on probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A); *Inkelaar*, 38 Kan. App. 2d at 315. We are reviewing for substantial competent evidence that establishes it is more probable than not Antwine committed these charged crimes in Oklahoma while on probation.

Antwine's argument is merely an invitation to us to reweigh the evidence presented to the district court, a task in which we do not partake. See *Daws*, 303 Kan. at 789. The district court heard testimony from various witnesses at the revocation hearing, principally the police officer who investigated the charged Oklahoma crimes. After the witnesses' testimony, the district judge and Antwine spoke on the record, during which time Antwine stated he did not know the gun was in his bag, which tracked with his contemporaneous statements to Dowell upon law enforcement's discovery of the gun in Antwine's bag. However, tacit in the district court's finding of violation is the conclusion that it did not find Antwine's accounting of events believable. Beyond this interpretation the district court stated it was "too big a stretch" to believe Antwine did not know the firearm was in the bag. The district court did not find Antwine's version of events credible, and we may not reweigh evidence to find to the contrary. See 303 Kan. at 789.

Sufficient evidence supports the finding that Antwine violated his probation by committing new crimes. As such, the decision to revoke Antwine's probation was within the district court's discretion. See *Gumfory*, 281 Kan. at 1170. We find no abuse of discretion here. The district court properly revoked Antwine's probation.

Affirmed.