## PRESS ROBERTS v. STATE.

No. A-4508.  Opinion Filed Jan. 20, 1925.
(232 Pac. 450.)

(Syllabus.)

1.  **Assault and Battery—Evidence Showing Revolver, Used as Bludgeon, Was Dangerous Weapon.** The proof shows that a 45 Colts' revolver, used as a bludgeon, was a dangerous weapon,

2. **Trial—Definition Given for "Dangerous Weapon" Sufficient, in Absence of Request for More Specific Instruction.** Where no request was made of the court for a more specific definition of the term "dangerous weapon," the definition given was sufficient.

Appeal from District Court, Love County; B. C. Logsdon, Judge.

Press Roberts was convicted of assault with a dangerous weapon, and he appeals. Affirmed.

Brown, Brown & Williams, for plaintiff in error.

The Attorney General and J. Roy Orr, Asst. Atty. Gen., for the State.

BESSEY, J. Press Roberts was by information filed in the district court of Love county charged with an assault with a dangerous weapon upon the person of J. N. Cahoon. By a verdict of a jury the defendant was found guilty as charged, with his punishment assessed at imprisonment in the penitentiary for a term of two years.

The evidence shows that the defendant was one of a party of three riding in a Ford car. The injured man, with a companion, was approaching from the other direction, also in a Ford car. The drivers of the respective cars attempted to pass each other at a place in the highway where there was a bed of sand with deep ruts, but each failed to give the other sufficient room to pass, when both engines were stalled; the cars facing each other about eight feet apart. The defendant and others of his party had been imbibing liberally of corn whisky. The defendant got out of his car with a 45 Colts' revolver in his hand, which he used as a bludgeon, inflicting a severe wound on the head of Cahoon as he sat in his car. The injured man was wearing a cap, and the blow was of such force as to cut the cap and penetrate the flesh, making an abrasion two and a half inches long, requiring four stitches to draw the edges of the wound together.

In his appeal here the defendant complains that there

was no proof that the revolver was a "dangerous weapon," and that the court failed to sufficiently define that term.

This court might, if it became necessary to do so, take judicial notice that a 45 Colts' revolver in the hands of an angry man surcharged with corn whisky is dangerous per se. But here the doctrine of judicial notice need not be invoked because the proof shows that in this particular instance the weapon was indeed and in fact a dangerous one.

No request was made of the court for a more specific definition of the term "dangerous weapon." In the absence of such request the definition given was sufficient.

There were no extenuating circumstances shown which would justify a modification of the penalty fixed by the jury.

The judgment of the trial court is affirmed.

DOYLE and EDWARDS, JJ., concur.