Charles Henry MYERS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14524.

Court of Criminal Appeals of Oklahoma.

Oct. 29, 1969.

Rehearing Denied Oct. 2, 1970.

John P. Smith and Wm. H. Lewis, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Gene Hoyt, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

NIX, Judge:

Charles Henry Myers, hereinafter referred to as the defendant, was charged by information with the crime of Murder in the District Court of Oklahoma County. He was found guilty by a jury, and given a Life sentence. He lodged his appeal in this Court within the time prescribed by law asserting numerous assignments of error—only one of which will be herein discussed.

Defendant contends that the trial court committed reversible error by not giving an instruction on Manslaughter in the First Degree.

The facts reveal that defendant was a resident of Oklahoma City, and was 25 years old. That he had known deceased approximately 8 years and on the night of March 30, 1967, as he was entering JJ's Club, he met the deceased coming out accompanied by two girls. He asked the deceased could he ride with him to another club, and deceased agreed to take him.

They were followed out of the club by Mary June Ware, who for some reason, not revealed by the testimony, began cussing. The deceased said, "Don't be getting on this old lady," and defendant replied: "You ought to take the lady out and tell her how to talk to people." And then defendant "pushed her in the mouth" and told her to quit cussing him. Deceased then got out of his car and came around back of it, where he met the defendant. About then, Barbara Ann Bolden told the deceased "Come on, lets go, leave him alone." Defendant said the deceased kept walking toward him with a knife in his hand and Barbara Ann Bolden tried to intervene and the deceased pushed her back against a car and kept walking toward him. Defendant told the deceased, "Johnnie, don't keep walking on me, Johnnie, you better go on and leave me alone." And deceased kept coming and defendant fired a shot over his head and as deceased continued his pursuit, the defendant shot him twice, causing his death.

There was evidence on the part of the defendant that the deceased was a "good knifeman", and there were previous incidents when the deceased had portrayed actions of a violent person and had cut other people with a knife. The defendant had knowledge of some of these previous acts of violence prior to the altercation now before this Court. The state introduced photos taken at the scene showing a pair of shoes and an open knife and police stated that upon their arrival the knife was laying close to deceased's body. The Court in giving the instructions gave the following:

> "There being none of the elements of manslaughter in the first degree or manslaughter in the second degree present in this case, these degrees of homicide will not be defined to you in these instructions."

In reviewing the testimony in this case, it is apparent the killing of deceased constituted justifiable homicide or murder. Evi-

dently the defendant relied upon the theory of self-defense, but the jury failed to believe him.

Had the jury believed the defendant's theory of the case, they would have determined it to be justifiable homicide and acquitted the defendant. In the case at bar, there were no elements of manslaughter, it was murder or nothing. Evidently defense counsel wanted it presented to the jury as it was, because they offered no objection to the instructions given nor did they offer any written instructions. This Court does not condone actions of defense counsel in "laying behind a log", not objecting or offering any instructions and the raising it for the first time on appeal.

■ In the charging the jury, it is the duty of the court to state to them all the matters of law which it thinks necessary for their information. It is also the duty of the court, particularly in a prosecution for murder, to instruct upon the law applicable to the case whether requested or not; but where there is no evidence tending to support the lower degree of the crime, and where all the evidence is that the killing is either murder or excusable homicide, then it is not necessary for the Court to instruct the jury on the law of manslaughter. See, Williams v. State, 12 Okl.Cr. 39, 151 P. 900; Fray v. State, 46 Okl.Cr. 260, 285 P. 142.

Defendant cites no authority to support his other contention of error, and it will not be herein discussed.

A thorough review of the record leads this Court to believe the defendant had a fair and impartial trial and the judgment of the lower court should be affirmed, and it is so ordered. Judgment and Sentence Affirmed.

BUSSEY, J., concurs.

BRETT, Presiding Judge (specially concurring).

After reviewing the testimony contained in the record of this trial, I consider my colleague is correct in his decision, that the trial court did not commit error when instructing the jury in this case. As Judge Nix indicates, the time to offer requested instruction is when the instructions are being settled. It is too late to submit desired instructions when the appeal is lodged. In this case the defendant requested no instructions. The record shows that the Judge inquired of counsel concerning requested instructions; and it reflects that the trial judge thoroughly considered defense counsel's arguments at the time the motion for new trial was heard. At that time, the Judge restated his position, which I consider to be correct, under the facts of this case. I agree that the judgment and sentence herein should be affirmed.