William Allen JOHNSON and Dorothy Lee Johnson, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. M–76–422.

Court of Criminal Appeals of Oklahoma.

Oct. 19, 1976.

Rehearing Denied Nov. 5, 1976.

George W. Gay, Oklahoma City, for appellants.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellants, William Allen Johnson and Dorothy Lee Johnson, hereinafter referred to as the defendants, were charged and tried in the District Court of Oklahoma County, Case No. CRF–75–2888, for the offense of Burglary in the First Degree. They were convicted of the offense of Aggravated Assault and Battery, in violation of 21 O.S.1971, § 646. Their punishments were fixed at one (1) year in the County Jail and a fine of Five Hundred Dollars ($500.00), and from said judgments and sentences a timely appeal has been perfected to this Court.

At the trial, Edward W. Hays testified that on July 26, 1975, he resided at 1704 Southwest 18th Street in Oklahoma City. At approximately 2:30 a. m. the defendants William Allen Johnson, Dorothy Lee Johnson and David McGuire came to his home. They asked him to come outside and discuss the theft of a cue stick with them. Hays stated he did not know anything about the cue stick and refused to go outside. They kicked in the door and entered the home. Defendant Dorothy Johnson started hitting Hays. Defendant William Johnson struck him in the face knocking him down. Both defendants commenced kicking him about the body. The trio left the house and shortly thereafter, David came back and convinced Hays that defendants had made a mistake and wanted to talk to him. He went outside with McGuire and they again accused him of stealing the cue stick. McGuire knocked him down and kicked him. They drove away, leaving him lying in the street. He was taken to the hospital and remained there for eight days. He was operated on and half of his liver was removed.

Defendant Dorothy Johnson testified that she was employed at the Pharoah Club. Hayes' girlfriend, Bobby Cole also worked at the club. She further testified that Hayes had on several occasions used her cue stick. She testified that on Saturday morning prior to July 26, she discovered that her cue stick and the proceeds from the club

were missing. On the morning in question, she, her husband and David McGuire, one of her apartment tenants, drove to Hays' home to inquire about the cue stick. They knocked on the door and were invited in by Hays. She accused him of stealing the pool cue. He denied having the cue and she told him he was lying. He called her a dirty name and she slapped him. Defendant William Johnson tried to slap Hays, but because of his intoxication fell down on top of him. They left and drove around the block. David McGuire convinced them that they should return and let him talk to Hays. Hays came to their car and they talked for several minutes. She did not know about the subsequent fight between Hays and McGuire until it was all over.

Defendants assert as their sole assignment of error that the trial court erred in instructing the jury on aggravated assault and battery. The record does not reflect that the defendant objected to the instruction, nor does the record reflect that defendant offered requested instructions. In dealing with a similar proposition in *Myers v. State,* Okl.Cr., 480 P.2d 950, 952 (1970), we stated:

> ". . . Evidently defense counsel wanted it presented to the jury as it was, because they offered no objection to the instructions given nor did they offer any written instructions. This Court does not condone actions of a defense counsel in 'laying behind a log', not objecting or offering any instructions and raising it for the first time on appeal."

We therefore find this assignment of error to be without merit. The judgments and sentences are accordingly *AFFIRMED.*

BRETT, P. J., and BLISS, J., concur.