Denzil L. CANTRELL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–532.

Court of Criminal Appeals of Oklahoma.

March 2, 1977.

Rehearing Denied April 19, 1977.

Dan V. Little, and Prudence M. Little, Little, Little, Little & Windel, Madill, for appellant.

Larry Derryberry, Atty. Gen., Douglas L. Combs, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Judge:

Appellant, Denzil L. Cantrell, hereinafter referred to as defendant, was charged in the District Court, Marshall County, Case No. CRF–74–76, with the crime of Murder in the Second Degree, in violation of 21

O.S.Supp.1973, § 701.2. He was tried to a jury and convicted. Punishment was assessed at twenty-five (25) to seventy-five (75) years' imprisonment. From said judgment and sentence, a timely appeal has been perfected to this Court.

Defendant Cantrell was tried jointly with co-defendant Dorothy Delaine Wampler. Another co-defendant, Judith Carol Maxwell, pleaded guilty to second degree murder on the first day of trial, and gave testimony for the State. A fourth accomplice, Bobby McBeth, was granted immunity for his testimony.

Co-defendant Dorothy Delaine Wampler was convicted along with defendant after jury trial. We have affirmed the conviction of co-defendant Wampler. See, *Wampler v. State*, Okl.Cr., 553 P.2d 198 (1976). Defendant presents no assignments of error which were raised in co-defendant Wampler's appeal. We shall not summarize the evidence herein. For a complete statement of the facts, see *Wampler v. State*, supra.

Defendant's first assignment of error is that the trial court erred in failing to instruct the jury on first degree manslaughter in addition to instructions upon self-defense and murder in the second degree, in that there was sufficient evidence from which a jury could have concluded that defendant acted from fear amounting to a sudden heat of passion, and without malice.

In *Morgan v. State*, Okl.Cr., 536 P.2d 952 (1975), we held that in every future prosecution for murder, wherein self-defense is interposed by the defendant, the trial court must give an instruction upon manslaughter committed in the heat of passion. In the case of *Jaggers v. State*, Okl.Cr., 549 P.2d 384 (1976), we held that the rule in *Morgan* was only to have prospective, and not retroactive effect. The trial of the present case arose before the opinion was handed down in *Morgan,* and as such the law relative to the necessity for a manslaughter instruction is governed by pre-Morgan law.

In *Myers v. State,* Okl.Cr., 480 P.2d 950, 952 (1969), a murder case where justifiable homicide was the defense, we held:

"In the charging [of] the jury, it is the duty of the court to state to them all the matters of law which it thinks necessary for their information. It is also the duty of the court, particularly in a prosecution for murder, to instruct upon the law applicable to the case whether requested or not; but where there is no evidence tending to support the lower degree of the crime, and where all the evidence is that the killing is either murder or excusable homicide, then it is not necessary for the Court to instruct the jury on the law of manslaughter. . . . ." (Citations omitted)

■ After reviewing the evidence in this case, it is our opinion that the trial court did not commit error in failing to give an instruction on first degree manslaughter, inasmuch as the record is devoid of evidence which would tend to show that at the time of the killing the defendant was acting in a heat of passion sufficient to negate malice. The State presented evidence which, if believed, would show murder. The defendant's evidence, if believed by the jury, showed only self-defense. Apparently, defense counsel wanted the case presented to the jury as it was presented, inasmuch as he failed to request an instruction on manslaughter, although he had ample opportunity to do so. As we noted in *Myers v. State,* supra, this Court does not condone defense counsel's "laying behind a log," in hopes of receiving a favorable verdict, and then when this does not materialize raising for the first time on appeal that which should have been first objected to at trial. We believe it provident to point out that although we hold herein that failure to give a manslaughter instruction was not error, such would not be true had the instant case been tried after *Morgan v. State,* supra; the holding here in no way detracts from *Morgan.*

■ Defendant's second assignment of error is that the trial court erred in failing to define the term "aggressor" in conjunction with the self-defense instructions. In support of this, defendant cites *Williams v.*

*State,* Okl.Cr., 513 P.2d 335 (1975), wherein we held that a similar failure constituted error. Nowhere in the *Williams* opinion does it state whether or not defense counsel requested such instruction. In the present case defendant made no such request.

In considering the necessity for a trial court to define a legal term when the defense has not requested such a definition, we said in *Pumpkin v. State,* Okl.Cr., 295 P.2d 819, 826 (1956):

". . . Where the defendant desires definition of a term, he should request the same. *Fooshee v. State,* 3 Okl.Cr. 666, 108 P. 554, holds the failure of the court to define a legal term used in its instruction, where the defendant makes no request for definition of a term, is no ground for reversal. *Roberts v. State,* 29 Okl.Cr. 64, 232 P. 450. *Logan v. State,* 42 Okl.Cr. 1, 274 P. 39, 41, holds:

" ' "If the defendant wanted the term defined, he should have requested the court to define . . . [the same]." ' "

Defendant's second contention is therefore without merit.

In his third assignment of error defendant asserts that the trial court committed error in that nowhere in the self-defense instructions did the trial court instruct the jury that, if a reasonable doubt was raised in their minds as to whether or not the defendant at the time of the homicide had reasonably acted in self-defense, they should resolve the doubt in favor of the defendant and acquit him. Defendant further contends that such failure was erroneous, and was not cured by giving within the general instructions a proper charge on the State's burden to prove the defendant guilty beyond a reasonable doubt. Defendant's proposed instruction No. 8, which dealt with self-defense, included within it language indicating that the State must prove beyond a reasonable doubt that the defendant did not act in self-defense. This requested instruction was rejected by the trial court, and defendant assigns this as error.

In numerous cases we have held that when considering instructions this Court will view them as a whole, and if when so considered they fairly and correctly state the law applicable to the case, they will be deemed to be sufficient. *Mammano v. State,* Okl.Cr., 333 P.2d 602 (1958); *Lewis v. State,* Okl.Cr., 541 P.2d 251 (1975).

In the present case it is stated twice, in instructions Nos. 1 and 6, that the burden of proof is upon the State to prove to the jury beyond a reasonable doubt, upon a consideration of all of the facts, evidence and circumstances of the case, that the defendant was guilty as charged, and that in the event the jury should entertain a reasonable doubt thereon they should acquit him. This, we hold, was sufficient to appraise the jury of the correct burden of proof and when considered as a whole, the instructions fairly stated the law applicable to the case. This being so, it was not error to refuse to give defendant's requested instruction No. 8.

Defendant's fourth assignment of error is that he had a right to have instructions presented to the jury expressing his point of view and that the instructions which were given when read as a whole did not set forth the defendant's theory of the case as presented by his evidence. This contention is without merit. The basis of defendant's contention is that the instructions relative to the defense of self-defense did not with sufficient clarity set forth the law of justifiable homicide as applicable to the evidence which defendant presented. After reviewing the complained of instructions as a whole, and also defendant's requested instructions which were not given, we are of the opinion that those instructions given fairly stated the law as viewed from the defendant's point of view, and they were therefore, under the rule in innumerable cases, sufficient. See, *Lefthand v. State,* Okl.Cr., 398 P.2d 98 (1965).

The defendant's fifth assignment of error is meritorious. Upon conviction he

was sentenced to twenty-five (25) to seventy-five (75) years' imprisonment. This was error. As we pointed out in *Wampler v. State,* supra, the only sentence for a conviction under 21 O.S.Supp.1973, § 701.2, is an indeterminate sentence of ten (10) years to life imprisonment, in accordance with 21 O.S.Supp.1973, § 701.4. This case is therefore REMANDED with instructions to resentence the defendant in accordance with this opinion, but otherwise the judgment and sentence is AFFIRMED.

BUSSEY, P. J., and BRETT, J., concur.