Donald Lee FENTER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–82–483.

Court of Criminal Appeals of Oklahoma.

Jan. 28, 1985.

W.B. Ward, Jr., Ada, for appellant.

Michael C. Turpen, Atty. Gen., Hugh A. Manning, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

Donald Lee Fenter was convicted in the District Court of Pontotoc County of Unlawful Possession of Marijuana With Intent to Distribute, Case No. CRF–81–86, and Feloniously Carrying a Firearm, Case No. CRF–81–87, and sentenced to three (3) years imprisonment in Case No. CRF–81–86, and five (5) years imprisonment in Case No. CRF–81–87, the sentences to run concurrently. These cases were consolidated for appeal.

In Case No. CRF–81–86, appellant did not present any argument or authority. We affirm.

In Case No. CRF–81–87, appellant raises a single assignment of error. Appellant contends since his prior conviction had been completed more than ten years prior to the commission of the instant offense, 21 O.S.

1981, § 51A, bars the use of his prior conviction. This proposition is not well taken.

Simply stated, appellant had a sawed off 410 shotgun in his possession, and he had a prior felony conviction. 21 O.S.1981, § 1283.

 The provisions of Section 51A, *supra*, do not expressly repeal the provisions of 21 O.S.1981, § 1283, and a repeal by implication may be found only when two statutes are so inconsistent that they may not stand. There are no inconsistencies between the provisions of Sections 1283 and 51A. Section 51A does not define a crime, but relates only to the enhancement of punishment. See *Simmons v. State*, 549 P.2d 111 (Okl.Cr.1976). The provisions of Section 1283, however, do not enhance punishment of an existing criminal offense, but defines a separate distinct offense. *Smith v. State*, 651 P.2d 1067 (Okl.Cr. 1982). It is this offense of which appellant was convicted and sentenced.

Accordingly, for the foregoing reasons, the judgment and sentence is **AFFIRMED.**

BRETT and BUSSEY, JJ., concur.