**Ralph Eugene BYNUM, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F-87-222.**

Court of Criminal Appeals of Oklahoma.

July 21, 1987.

ment for rape. *Coker v. Georgia,* 433 U.S. ·584,

James A. Clark, Mordy & Clark, Inc., Ardmore, for appellant.

Robert H. Henry, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

**OPINION**

BRETT, Presiding Judge:

Appellant, Ralph Eugene Bynum, Jr., was convicted by a jury of two counts of Feloniously Carrying a Firearm in Marshall County Case No. CRF-79-43. 21 O.S.1971, § 1283. He was sentenced to two concurrent sentences of seven years, two months and two days each with a recommendation that five years of his sentence be suspended.

Appellant has been out on bail since his conviction on April 6, 1981. This Court previously found that appellant was without fault in his failure to appeal this case in a timely manner, and he was granted a late appeal. Since appellant does not recite the facts involved in these two offenses, we will assume the facts are not in dispute.

97 S.Ct. 2861, 53 L.Ed.2d 982 (1977).

Appellant was convicted on a guilty plea of Unlawful Possession of a Narcotic Drug, to-wit: Marijuana, in Dallas County, Texas on January 21, 1972, and was sentenced to a term of five years with the Texas Department of Corrections. This is the prior felony conviction that triggered the instant offenses. Appellant's sole contention is a claim that, although, the crime he was convicted of in Texas was a felony there, it is only a misdemeanor in Oklahoma. Appellant cites as authority a 1971 case that deals only with enhancement. *See Fischer v. State*, 483 P.2d 1165 (Okl.Cr.1971).

This case does not deal with enhancement but a separate crime that has as an element a prior felony conviction. *See* 21 O.S.1981, § 51. The pertinent language of the statute under which appellant was prosecuted provides that "It shall be unlawful for any person having previously been convicted of *any* felony in *any* court of a state or the United States ..." [Emphasis added] to possess a firearm. As in *Fenter v. State*, 695 P.2d 12 (Okl.Cr.1985), appellant has confused the use of a prior felony for sentencing purposes with a crime where one of the elements of the offense is a prior felony. Section 1283 is clear and leaves no room for appellant's interpretation. This Court will not undertake to dissect the statutes of its sister states and redefine the meaning of a felony on a case by case basis as appellant has suggested.

The judgment and sentence on both counts are AFFIRMED.

BUSSEY and PARKS, JJ., concur.