Pablino PEREZ, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–88–898.

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1990.

Timothy S. Wilson, Okl. County Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Susan Stewart Dickerson, Asst. Atty. Gen., Chief, Crim. Div., Oklahoma City, for appellee.

## OPINION

LUMPKIN, Judge:

Appellant Pablino Perez was tried by jury and convicted of Murder in the First Degree in violation of 21 O.S.1981, § 701.7, in Case No. CRF–87–5939 in the District Court of Oklahoma County. The jury recommended a sentence of life imprisonment and the trial court sentenced accordingly. It is from this judgment and sentence that Appellant appeals.

This case concerns the homicide of Padro Onofre, also known as Ormega, by the Appellant, nicknamed Ta Ta by his Cuban friends. The decedent was shot on October 8, 1987, in Apartment No. 8 on Northwest 10th Street in Oklahoma City. Witnesses for the prosecution testified that the Appellant was temporarily living with Juan Diaz Betancourt, also known as Chi Chi, in Apartment No. 8, when the decedent arrived for a visit. Chi Chi testified that he was standing in the kitchen and overheard a conversation from the living room between Appellant and the decedent about money Appellant owed to the decedent. Chi Chi said he heard the decedent scream "what are you going to do, what are going to do Ta Ta, you're crazy", and then the sound of a crack before a bullet fell next to him. Chi Chi ran to the bathroom and

jumped out the window. On cross-examination, Chi Chi testified that Appellant sold cocaine out of Apartment No. 8 and that the decedent had in his possession a shotgun.

The State also presented the testimony of Modesto Villa Rodriquez and Cruzita Andrea Romero, who lived in neighboring apartments, that Appellant had previously threatened to kill the decedent and that Appellant exited Apartment No. 8 after the shooting, pointing the gun at bystanders before throwing the shotgun behind a refrigerator located in the hallway. The medical examiner testified that the decedent died from a shotgun wound to the neck.

Appellant's defense was that of self-defense. He presented three witnesses who testified that cocaine was in fact sold out of Apartment No. 8 and that several guns were kept inside the apartment. Appellant took the stand in his own behalf and testified that on the day of the murder he arrived at Apartment No. 8 to find Chi Chi and the decedent counting money at the kitchen table with cocaine present next to them. The shotgun was next to the table leg and a new box of shells was on the table. Appellant said that he greeted the men as he walked in but received no response. Suddenly the decedent grabbed the shotgun and told Appellant he was going to die. Chi Chi yelled "You guys are crazy" and left the room. Appellant said he was able to grab the back part of the gun in an attempt to pull it away from the decedent when suddenly the gun went off and the decedent fell to the floor. Appellant said he became frightened and immediately left the apartment, throwing the gun in a trash can on his way out.

In his sole assignment of error, Appellant contends the trial court erred in refusing to give his requested jury instruction on self-defense. Appellant's requested instruction, Oklahoma Uniform Jury Instruction–Criminal (OUJI–CR) 745 states "[i]t is the burden of the State to prove beyond a reasonable doubt that the defendant was not acting in self-defense. If you find that the State has failed to sustain that burden, then the defendant must be found not guilty."

A review of the case law from this Court addressing the appropriate instructions to be given when a defendant has produced sufficient evidence to warrant an instruction on self-defense reflects guidelines which are confusing and less than clear to the trial court and practitioner. Two distinct groups of cases emerge from this review. In one group are cases in which we have held that the failure to give the complete OUJI–CR 745 instruction is error which is not cured by a consideration of the totality of the instructions. See e.g. Meadows v. State, 487 P.2d 359, 361 (Okl.Cr.1971). In the other group of cases, we have held that if the totality of the instructions fairly and accurately state the applicable law, the failure to give OUJI–CR 745 is not reversible error. See e.g. Hommer v. State, 657 P.2d 172, 175 (Okl.Cr. 1983), Cantrell v. State, 562 P.2d 527, 529 (Okl.Cr.1977). We realize that the trial court is rarely afforded the time or opportunity to review these cases to discern the decisive factual basis and legal principles which distinguish the cases.

In an effort to ensure judicial economy and preclude a misinterpretation of prior case law, it is necessary that a new standard be established. Although we are referring to a new rule, it is not a break with our prior law, but only a clarification of the law, made within the scope of our authority of appellate review. This new rule will be applied from this day forward in this Court's appellate review of the sufficiency of jury instructions on the law of self-defense. This new standard does not alter the validity of our prior decisions in this area, nor will it be applied to cases currently pending on appeal. Further, the new rule does not affect the decision to be made by the trial court to determine whether sufficient evidence has been presented to raise the defense of self-defense. Rather, it focuses on the issue of what instruction must be given when the defense is supported by sufficient evidence to warrant an instruction.

Once the defendant has presented sufficient evidence to warrant an instruction, OUJI–CR 745 accurately sets forth the burden of proof in the defense of self-defense. *See Jordan v. State,* 756 P.2d 8, 9 (Okl.Cr. 1988). Therefore, when an instruction is warranted, OUJI–CR 745 *must* be given in conjunction with the other appropriate self-defense instructions set forth in OUJI–CR 745–752. This objective standard of review replaces our earlier subjective appellate review. This new standard is not only consistent with our established rule that the State has the burden of proof to show that the defendant did not act in self defense, once the defense has been raised, but will also ensure that the jury does not perceive otherwise.

The above standard applies only when the issue of self-defense has been properly raised. This is consistent with our long standing order that the Uniform Jury Instructions—Criminal are to be given when appropriate, and unless this Court has determined them not to be a correct statement of the law. *See* 12 O.S.1981, § 577.2 (Order of the Court of Criminal Appeals, effective May 1, 1982.) However, pursuant to our appellate review authority, we retain the right to review the instructions regarding all other issues under the totality of the instructions standard in order to ensure that a defendant receives a fair trial.

For the foregoing reasons, we find that the trial court's failure to give Appellant's requested jury instruction, OUJI–CR 745 constitutes reversible error. Therefore, this case is REVERSED and REMANDED for a new trial.

PARKS, P.J., LANE, V.P.J., and BRETT and JOHNSON, JJ., concur.