**Booker T. CHAPPLE, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–90–1089.

Court of Criminal Appeals of Oklahoma.

Aug. 27, 1993.

Order Denying Rehearing Feb. 1, 1994.

Carolyn L. Merritt, Asst. Public Defender, Oklahoma County Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Steven S. Kerr, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Judge:

Booker T. Chapple, Appellant, was tried by jury for the crimes of Shooting With Intent to Kill After Former Conviction of A Felony (21 O.S.1981, § 652) and Possession of a Loaded (sic) Firearm After Former Conviction of Two Felonies (21 O.S.1981, § 1283) in the District Court of Oklahoma County, Case No. CRF–89–6074. The jury returned a verdict of guilty and set punishment at one hundred (100) years imprisonment for Shooting With Intent to Kill, and seventy five (75) years for possession of a loaded (sic) firearm. The trial court sentenced the appellant in accord with the jury verdict.

In this perfected appeal the appellant argues (1) the trial court erred in its instruction on self-defense which failed to advise the jury of the State's burden to disprove self-defense beyond a reasonable doubt after the defendant raises the defense; (2) that the trial court erred in admitting the appellant's prior convictions during the second stage of trial; (3) that his fully pardoned felony conviction which was more than ten (10) years old should not have been used to enhance the punishment for possession of a firearm; and (4) that the trial court improperly instructed the jury in the second stage of trial on the use of his former convictions for impeachment purposes.

We agree the instructions on self-defense were inadequate to apprise the jury of the State's shifting burden and we **reverse and remand** Count I, Shooting with Intent to Kill, to the district court for new trial. We **affirm** the judgment for Count II, Possession of a Loaded (sic) Firearm, but **vacate** the sentence and **remand for resentencing**

for the trial court erred in instructing the jury on enhancement. We also set forth the procedure to be followed when the charge of felon in possession is prosecuted in a multi-count case.

This case arose out of a traffic incident near the Broadway Extension in Oklahoma City. While driving home to Edmond with her two teen-aged sons on the evening of November 4, 1989, Judith Ann Strickland noticed the appellant driving erratically. He crowded cars, forced them to change lanes, attempted to pass on the shoulder. Strickland followed him when he exited the Broadway Extension at 63rd Street in order to get his tag number. At a stop light appellant slammed on his brakes. Strickland's car stalled when she slammed on her brakes to avoid hitting the appellant's car. The appellant then got out of his car, walked up to Strickland's front fender, smiled, and emptied five shots from his .38 caliber revolver into her windshield. The first bullet travelled through the collar of Strickland's coat, and lodged in her neck at the spine. Strickland drove home and was taken to the hospital by her husband. She reported the incident to the police.

At trial Appellant admitted shooting Strickland, but claimed he shot her in self-defense. He testified he had received threatening telephone calls, and was frightened by the car with three occupants which he thought chased him and tried to force him off the road. He testified he tried to scare them away by shooting at them but did not intend to kill anyone. In the second stage of trial the appellant admitted to two prior felony convictions, one for DUI in 1986 and one for armed robbery in 1968 which was fully pardoned in 1974.

■■■ At the end of the guilt stage the trial court instructed the jury on self-defense as follows:

Evidence has been introduced of self-defense as a defense to the charge that the defendant has committed the crime of SHOOTING WITH INTENT TO KILL as charged in Count I (Instruction 10)

A person is justified in using deadly force in self-defense if that person reasonably believed that use of deadly force was necessary to protect himself from imminent danger of death or great bodily harm. Self-defense is a defense although the danger to life or personal security may not have been real, if a reasonable person, in the circumstances and from the viewpoint of the defendant, would reasonably have believed that he was in imminent danger of death or great bodily harm. (Instruction 11)

The trial court refused Appellant's request for the following instruction:

It is the burden of the State to prove beyond a reasonable doubt that the defendant was not acting in self-defense. If you find that the State has failed to sustain that burden, then the defendant must be found not guilty. (Defendant's Requested Instruction No. 9)

This requested instruction sets forth the State's shifting burden and is a proper statement of the law which should have been given to the jury. *Perez v. State*, 798 P.2d 639 (Okl.Cr.1990). Specific instruction on the State's shifting burden is mandatory when self-defense is properly raised. *Id.* at 640–41. Prior to *Perez* the Court reviewed the jury instructions as a whole to determine whether they adequately set forth the State's shifting burden. *See Hommer v. State*, 657 P.2d 172 (Okl.Cr.1983); *Cantrell v. State*, 562 P.2d 527 (Okl.Cr.1977). As Appellant's case was tried prior to *Perez*, we examine the instructions as a whole to determine whether the jury was instructed adequately.

No instruction as to the State's shifting burden was given to the jury in this case. The jury therefore could not possibly have applied the law of self-defense properly. This error is extremely prejudicial to the defendant's case and requires reversal and remand of Count I for new trial.[1]

1. The State goes to considerable length to argue in its brief that it is within the trial court's discretion to determine whether sufficient evidence is presented to raise the defense of self-defense and that the shifting burden instruction was not given because the evidence did not warrant an instruction on self defense. Had the State examined the Original Record the jury instructions given by the trial court would have made clear that indeed the trial court determined

Having reversed Count I, we will address Appellant's remaining arguments only as they pertain to Count II, Possession of a Loaded (sic) Firearm After Former Conviction of Two Felonies. Appellant correctly argues his prior convictions were improperly used for enhancement of punishment.

The error which ultimately lodged in the sentencing instructions for Count II arose on the second page of the Information.[2] The State charged the crime After Former Conviction of Two Felonies, robbery with firearms and felony DUI. Both of these former convictions cannot be used for enhancement, for one must be used as an element of the crime charged in Count II: felon in possession.

 Under the plain language of the enhancement statute, 21 O.S.1981, § 51A, the twenty-two (22) year old armed robbery conviction can not be used to enhance punishment:

No person shall be sentenced as a second and subsequent offender ... when a period of ten (10) years has elapsed since the completion of the sentence imposed on the former conviction; provided, said person has not, in the meantime, been convicted of a misdemeanor involving moral turpitude or felony.

This crime could be used, however, as an element of the crime, felonious possession of a firearm. *Fenter v. State*, 695 P.2d 12 (Okl. Cr.1985).

 The trial court correctly kept the jury from using the robbery conviction when it set punishment for Count I. However, it allowed the jury to consider both of the former convictions for enhancement of Count II under the following instructions:

... You may consider both prior felony convictions in assessing the defendant's punishment for the crime of Count 2—

POSSESSION OF A LOADED FIREARM AFTER FORMER CONVICTION OF TWO (2) FELONIES.

POSSESSION OF A LOADED FIREARM AFTER FORMER CONVICTION OF TWO (2) FELONIES is punishable by imprisonment in the State Penitentiary for not less than ten (10) years.

The trial court should have instructed the jury that it could use the armed robbery conviction only as an element of the crime, and it could use the DUI conviction for enhancement of punishment.

The instructions as given created two errors. They allowed the jury to consider the armed robbery conviction for purposes of enhancement which is expressly barred by 21 O.S.1981, § 51A; and they allowed the jury to use one of the former convictions twice, both as an element of the crime, and for enhancement. Even though the trial court correctly instructed the jury on the range of punishment[3], under the circumstances of this case we find this error is not harmless beyond a reasonable doubt; and requires vacation of the sentence and remand for resentencing. *See Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

We recognize the trial court was faced with a procedurally complex issue to instruct, and apparently received no assistance from either the prosecutor or defense counsel.

Whether, and in what circumstances a defendant is entitled to a bifurcated trial for the crime of felon in possession has caused confusion around the state. Recognizing the need for judicial economy and the very real potential for misuse of the evidence of former convictions, we set forth the following procedure to be used from this date forward.

 Whenever a defendant is charged with one count and a prior conviction is an element of the crime charged, the prior con-

---

sufficient evidence was presented to raise this defense.

2. The crime charged, "felonious possession of a loaded pistol contrary to the provision of 21 O.S.1981, § 1283", is also in error. Section 1283 does not require the firearm to be loaded. Under the facts of this case the error is harmless and will not be addressed.

3. The range of punishment for felonious possession of a firearm after a single former conviction is a term of imprisonment not less than ten (10) years. 21 O.S.Supp.1985, § 51(A)(1); 21 O.S. 1981, § 1284.

viction shall be introduced in the guilt stage of trial. If the crime charged is to be further enhanced pursuant to the Habitual Offender Act, 21 O.S.1991, § 51, any additional prior convictions shall be introduced in the second stage of trial. *See* 22 O.S.1991, § 860.

▪ Whenever a defendant is charged with multiple counts, one or more which require a prior conviction as an element of the crime, and one or more which do not, trial shall be bifurcated. Those crimes which do not contain the element of former conviction shall be tried to guilt or innocence in the first stage. Those crimes which contain the element of prior conviction shall be tried to guilt or innocence and punishment in the second stage. Any inconsistent language in our prior cases is expressly overruled. *See Berry v. State,* 476 P.2d 390 (Okl.Cr.1970); *Riddle v. State,* 478 P.2d 357 (Okl.Cr.1970); *Baeza v. State,* 478 P.2d 903 (Okl.Cr.1970); *McCoin v. State,* 478 P.2d 905 (Okl.Cr.1970); *Marr v. State,* 513 P.2d 324 (Okl.Cr.1973); *Williams v. State,* 565 P.2d 46 (Okl.Cr.1977); *Hines v. State,* 684 P.2d 1202 (Okl.Cr.1984); *Hoover v. State,* 738 P.2d 943 (Okl.Cr.1987); *Cooper v. State,* 765 P.2d 1211 (Okl.Cr.1988).

In the present case, Appellant was given a bifurcated trial on the Felon In Possession charge. In the first stage the jury found him guilty of carrying a loaded firearm. In the second stage the jury found him guilty of two (2) former convictions. While the second stage finding of two (2) former convictions for the purpose of enhancement is error, this procedure effectively shielded appellant from prejudicial misuse of his former convictions by the jury during their determination of guilt in this multi-count trial.

▪ Appellant next argues that the DUI conviction is not a felony which can support a charge for felonious possession of a weapon or enhance punishment because it is essentially "traffic" in nature. Appellant correctly acknowledges this is a question of first impression for this Court, but cites no case from any jurisdiction which is squarely on point.

The plain language of the Habitual Criminal Act, 21 O.S.Supp.1985, § 51, states *any* offense punishable by imprisonment in the State Penitentiary can be used to enhance punishment. A second DUI committed within ten (10) years of the first DUI conviction is deemed, under Oklahoma law, to be a felony offense punishable by imprisonment in a State Penitentiary. 47 O.S.Supp.1988, § 11–902.

We find no support for the argument this felony DUI conviction can not be used as an element of felonious possession, or that it is immune from use under the Habitual Criminal Act. Appellant's reliance on *State v. Gray,* 803 P.2d 718 (Okl.Cr.1990) is not persuasive, for in that case we determined the jurisdiction of the juvenile and municipal court regarding traffic offenses and whether a juvenile's misdemeanor DUI conviction would support a felony DUI charge for a subsequent offense after the juvenile reached the age of majority.

The felony DUI conviction could be used as the predicate felony in felonious possession of a firearm, or for enhancement of punishment, but not both. *See Snyder v. State,* 806 P.2d 652 (Okl.Cr.1991). At most the appellant could be convicted of felonious possession of a firearm after former conviction of a single felony.

▪ Appellant raises a final argument challenging the jury instruction which permitted the jury to consider his former convictions for impeachment during the second stage of trial. This error was preserved for our consideration by trial counsel's contemporaneous objection. Appellant is correct; this is error. Evidence of two former convictions was admitted during the second stage; a 1968 conviction for armed robbery, and a 1986 conviction for felony DUI. Under 12 O.S.1981, § 2609 the 1968 conviction was stale and could not be used for purposes of impeachment since the State introduced no specific facts and circumstances to allow the trial court to find the probative value of this conviction substantially outweighed its prejudicial effect. We do not reach the question whether this error prejudiced the appellant. Having vacated the sentence on each Count and remanded to the district court, this issue is moot.

In summary, we **REVERSE** Count I, Shooting With Intent to Kill, **AND REMAND FOR NEW TRIAL**, and we **AFFIRM** the judgment but **VACATE** the sentence for Count II, Possession of a Firearm After Former Conviction of Two Felonies, and **REMAND FOR RESENTENCING**.

LUMPKIN, P.J., concurs in result.

JOHNSON, V.P.J., and CHAPEL, J., concur.

LUMPKIN, Presiding Judge, concurring in results.

I concur in the results reached by the Court in this case. However, I disagree with the Court's failure to strictly construe and apply the provisions of 22 O.S.1991, § 860, together with our prior decision in *Williams v. State,* 794 P.2d 759 (Okl.Cr.1990). Section 860 does not distinguish between a situation where an individual is charged only with a primary offense or if the primary offense is enhanced by prior convictions of a felony. The result should be the same. If the prior conviction is an element of the primary offense, it should be tried as a part of the guilt stage of trial. In *Williams,* the Court sought to clarify the procedure set forth by Section 860 and to overrule those court-created procedures which disregarded the provisions of Section 860. While *Williams* sought to remove the confusion surrounding the procedure to follow in cases of this type, I fear the Court is now charting a new course which will again ultimately create confusion as to the procedure which should be followed. To preclude that state of confusion from redeveloping as to the application of Section 860, I would apply our decision in *Williams,* regardless of the number of Counts which may be charged.

## ORDER DENYING MOTION FOR REHEARING

Petitioner, the State of Oklahoma, is before the Court urging reconsideration of the decision to reverse and remand the conviction herein on the ground the trial court failed to instruct the jury on the State's shifting burden of proof once the defendant successfully raised self-defense. The State argues the Court improperly based it's decision on *Perez v. State,* 798 P.2d 639 (Okl.Cr. 1990) which was, by its own language, limited to prospective application only.

The State misapprehends the holding of the Court, for the opinion states plainly:

Prior to *Perez* the Court reviewed the jury instructions as a whole to determine whether they adequately set forth the State's shifting burden. See *Hommer v. State,* 657 P.2d 172 (Okl.Cr.1983); *Cantrell v. State,* 562 P.2d 527 (Okl.Cr.1977). As Appellant's case was tried prior to *Perez,* we examine the instructions as a whole to determine whether the jury was instructed adequately. August 27, 1993 Opinion at p. 1215.

The Court examined the instructions as a whole, and determined no instruction properly guided the jury regarding the State's shifting burden. Had any instruction so advised the jury, the instructions on this point could have been deemed sufficient on appellate review whether or not the standard jury instruction, OUJI–CR 745, was given. This is a proper application of *Perez.* The State baldly asserts the instructions as a whole are sufficient, points to no place in the record where the trial court instructed on the State's shifting burden. This bald assertion is understandable, for nowhere in the record does the trial court so instruct.

The State's final argument, that the failure to instruct is harmless, "since the facts in this case do not lend themselves to a self defense argument in the first place" is not supported by the record. The trial court correctly found the defense was raised, and he instructed extensively, albeit incompletely, on the issue.

**IT IS THEREFORE THE ORDER OF THE COURT** that the Motion for Rehearing be **DENIED.**

/s/ Gary L. Lumpkin
GARY L. LUMPKIN
PRESIDING JUDGE
concur in result

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
VICE–PRESIDING JUDGE

/s/ James F. Lane
JAMES F. LANE,
JUDGE

/s/ Charles Chapel
CHARLES CHAPEL,
JUDGE

/s/ Reta Strubhar
RETA STRUBHAR
JUDGE