**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 19, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TERRY WAYNE DOYLE,

        Petitioner - Appellant,

v.

JUSTIN JONES, Director,

        Respondent - Appellee.

No. 11-5052
(D.C. No. 4:07-CV-00507-CVE-TLW)
(N.D. Oklahoma)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Applicant Terry Wayne Doyle filed an application under 28 U.S.C. § 2254

in the United States District Court for the Northern District of Oklahoma,

challenging his conviction and sentence in Oklahoma state court. The district

court denied the application. *See Doyle v. Jones*, No. 07-CV-0507-CVE-TLW,

2011 U.S. Dist. LEXIS 26679 (N.D. Okla. March 15, 2011) (R., Vol. 1 pt. 2 at

386). He now seeks a certificate of appealability (COA) from this court to appeal

the denial. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring a COA to appeal the denial

of a § 2254 application). We hold that he is not entitled to a COA and dismiss the

appeal.

## I.    BACKGROUND

On September 8, 2003, a Tulsa police officer pulled over a car driven by Applicant. Applicant, the sole occupant of the car, threw a dark object out the driver's side window as he was slowing down. Officers recovered the object, which was a handgun, and Applicant was arrested. He was charged in Oklahoma state court with felonious possession of a firearm after former conviction of two felonies. *See* Okla. Stat. Ann. tit. 21, § 1283 (West 2011). A jury found him guilty and recommended a sentence of 50 years, which the trial judge imposed. He obtained new counsel and unsuccessfully appealed his convictions and sentence to the Oklahoma Court of Criminal Appeals (OCCA). He later filed for postconviction relief in the state trial court, but the court denied his claims. The OCCA affirmed, disposing of some claims on the ground that they were procedurally defaulted.

Applicant then filed his § 2254 application. It raised the following claims: (1) his trial counsel provided ineffective assistance by unrealistically promising an acquittal, failing to impeach the arresting officers by pointing to prior inconsistent testimony and their contrary versions of some events, failing to point out the absence of scratches on the gun allegedly thrown from his car, failing to object to the forensic expert's testimony that the gun was operable, and failing to object to the introduction of his prior felony conviction during the guilt phase of the trial; (2) evidence of his prior felony conviction was improperly admitted

during the guilt stage of the trial; (3) his trial was fundamentally unfair because of cumulative error; (4) his sentence was excessive; (5) his trial counsel was ineffective for failure to conduct an adequate investigation, prepare for trial, and consult with him as requested; (6) his trial counsel was ineffective for failure to exercise peremptory challenges that he requested; (7) the prosecutor improperly vouched for witnesses; (8) the prosecutor knowingly used perjured testimony; and (9) his appellate counsel was ineffective for failing to raise several of the preceding claims on direct appeal. The district court denied relief. *See Doyle*, 2011 U.S. Dist. LEXIS 26679.

Applicant's request for a COA pursues only his district-court claims of ineffective assistance of appellate counsel (district-court claim 9) and trial counsel (district-court claims 1, 5, and 6), cumulative error (district-court claim 3), and excessive sentence (district-court claim 4). He also argues two new claims of ineffectiveness of trial counsel—failure to object to impermissible prosecutorial vouching and failure to object to the prosecutor's introduction of perjured testimony. But we will not address the two claims because they were not raised below. *See Parker v. Scott*, 394 F.3d 1302, 1327 (10th Cir. 2005).

## II.    DISCUSSION

### A.    Standard of Review

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard

requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [application] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that when a claim has been adjudicated on the merits in a state court, a federal court can grant habeas relief only if the applicant establishes that the state-court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). As we have explained:

> Under the "contrary to" clause, we grant relief only if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts.

*Gipson v. Jordan*, 376 F.3d 1193, 1196 (10th Cir. 2004) (brackets and internal quotation marks omitted). Relief is provided under the "unreasonable application" clause "only if the state court identifies the correct governing legal

-4-

principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (brackets and internal quotation marks omitted). Thus, a federal court may not issue a habeas writ simply because it concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *See id.* Rather, that application must have been unreasonable. For an applicant's claims that have been adjudicated on the merits by the state court, "AEDPA's deferential treatment of state court decisions must be incorporated into our consideration of [the] request for [a] COA." *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

We now turn to the issues raised in Applicant's brief in support of a COA. Although some of the issues were resolved by the OCCA and district court on the ground of procedural bar, we will address them all on the merits.

**B.    Ineffective Assistance of Appellate Counsel**

Applicant appears to contend that his counsel on his direct appeal to the OCCA was ineffective for failing to argue (1) that his trial counsel was ineffective because she stipulated to his prior felony conviction during the guilt stage of the trial, (2) that trial counsel was ineffective because she failed to investigate his claim that the police officers conspired to set him up, (3) that his trial counsel was ineffective because she failed to consult with him as he requested, (4) that his trial counsel was ineffective because she failed to exercise peremptory challenges as he requested, (5) that the prosecutor engaged in

-5-

impermissible vouching for witnesses, and (6) that the prosecutor knowingly used perjured testimony.

To establish ineffective assistance of counsel, Applicant must show (1) that his attorney's performance "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984), and (2) that he suffered prejudice, meaning that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. Our review of counsel's performance is "highly deferential," to avoid the distortion of hindsight; and we presume that counsel was effective unless the defendant shows otherwise. *Id.* at 689–90. "[I]n analyzing an appellate ineffectiveness claim based upon the failure to raise an issue on appeal, we look at the merits of the omitted issue." *Cargle v. Mullin*, 317 F.3d 1196, 1202 (10th Cir. 2003) (internal quotation marks omitted). "[I]f the [omitted] issue is meritless, its omission will not constitute deficient performance." *Id.* As we explain, no reasonable jurist could debate the correctness of the district court's dismissal of the claims of ineffective appellate counsel because on each claim either deficient performance or prejudice was clearly not established by Applicant.

### 1. Evidence of Prior Felony Conviction

Applicant appears to contend that his appellate counsel was ineffective for not raising the claim that his trial counsel was ineffective for not challenging the

introduction of evidence of his prior felony conviction during the guilt phase of his trial. But Applicant could not have been prejudiced by that failure because appellate counsel argued on appeal that admission of the conviction during the guilt phase was error, and the OCCA rejected that argument on the merits. It said:

> [Applicant] concedes that the procedure used in this case comports with our decision in *Chapple v. State*, . . . 866 P.2d 1213, 1216-17, but asks this Court to reconsider *Chapple*, which we decline to do. [Applicant] was not denied a fair trial by this procedure, and trial counsel was not ineffective in failing to ask the trial court to withhold all evidence of [Applicant]'s criminal history until the jury had first determined whether he possessed a firearm.

Summ. Op at 2, *Doyle v. State*, No. F-2005-157 (Okla. Crim. App. March 10, 2006) (R., Vol. 1 pt. 2 at 266).

### 2. Investigation of Conspiracy

Applicant claims that his appellate counsel should have raised his trial counsel's failure to investigate the conspiracy by police officers to set him up. But Applicant does not allege, nor does anything in the record in this court suggest, any reason why appellate counsel should have thought that there had been such a conspiracy. Counsel's performance is not deficient for failing to imagine theories and follow up on them.

### 3. Failure to Consult

Applicant argues that appellate counsel should have raised trial counsel's failure to consult with him after he made numerous requests to meet with her.

But Applicant has made no showing of prejudice. He fails to describe what he wished to discuss with trial counsel or how consultation would have affected his defense. *See United States v. Bolton*, 905 F.2d 319, 324 (10th Cir. 1990).

### 4. Peremptory challenges

Applicant argues that appellate counsel was ineffective for not raising trial counsel's failure to exercise peremptory challenges. But he has not alleged that any of the selected jurors were not impartial. *See United States v. Taylor*, 832 F.2d 1187, 1195–96 (10th Cir. 1987) (defendant failed to show prejudice from failure to exercise peremptory challenges). Appellate counsel's performance was not deficient for failure to raise this claim when there was no possibility of establishing prejudice.

### 5. Prosecutorial Vouching

Applicant argues that his appellate counsel was ineffective for failing to raise the prosecutor's impermissible vouching for witnesses. But he has failed to point to any statements by the prosecutor that constituted vouching, and we have found none.

### 6. Perjured Testimony

Applicant argues that appellate counsel was ineffective for not raising the prosecutor's knowing use of perjured testimony when he "allowed Officer Downs and Officer Cab[a]llero to present testimony that the prosecution knew . . . was blatantly contradictory of the witnesses['] prior testimony given at [a] preliminary

-8-

hearing that [was] also riddled with internal inconsistencies." Aplt. Br. at 13. But, as the district court noted, any inconsistencies in the testimony of the officers were minor and "could be attributable to memory lapses as opposed to deliberate fabrication rising to the level of perjury." *Doyle*, 2011 U.S. Dist. LEXIS 26679, at *23–24 (R., Vol. 1 pt. 2 at 378–79). On the record of this trial, no appellate court could have sustained a claim that the prosecutor suborned perjury.

### C.  Ineffective Assistance of Trial Counsel

Applicant argues that his trial counsel provided ineffective assistance by permitting introduction of evidence of his prior felony conviction during the guilt phase of his trial, failing to consult with him as he requested, and neglecting to exercise peremptory challenges. But these arguments obviously fail for the reasons stated above.

He also argues that trial counsel was ineffective for unrealistically promising him an acquittal, failing to impeach the officers with their inconsistent testimony, failing to argue the absence of scratches on the gun, failing to object to evidence that the gun was capable of firing, and failing to investigate the possibility that he was set up by the police. We address these arguments in turn.

### 1.  Unrealistic Promise of Acquittal

Applicant claims that trial counsel provided ineffective assistance by making an "'unrealistic' promise of acquittal." Aplt. Br. at 19. He argues that

she "provided ineffective assistance in failing to adequately advise him concerning the relative merits or the pros and cons of accepting the State's plea offer versus going to trial and rec[e]iving up to a life sentence if convicted." *Id.* at 16.

The plea offer was made by the government at the outset of the trial. The trial court explained the offer to Applicant; and when Applicant stated that he was not sure whether he wanted to accept the offer, the court recessed to give him time to consult with counsel. After consulting, Applicant told the court that he wished to proceed to trial. In answer to questions from the court, he said that the choice was his, not his lawyer's. At sentencing, the trial court reviewed that colloquy and Applicant confirmed that it was his choice not to accept the plea offer. But when asked if he wished to tell the court anything else, he said, "Just that [my attorney] told me that she could beat the case, that's all. And I went off of that." R., Vol. 1 pt. 2 at 352.

When this issue was raised on direct appeal, the OCCA held that Applicant failed "to demonstrate either that trial counsel misadvised him on the relative merits of his options, or that counsel's performance was professionally unreasonable." Summ. Op. at 2, *Doyle*, No. F-2005-157 (R., Vol. 1 pt. 2 at 266). The OCCA's ruling was not an unreasonable application of federal law to the facts of the case. We note in particular that "could beat the case" does not mean "would beat the case" and could refer to merely a possibility of success.

Applicant relied solely on his one statement at sentencing and did not supplement the record before the OCCA with any evidence regarding what his attorney specifically had said to him.

### 2.    Officers' Inconsistent Testimony

Applicant points to two minor inconsistencies in testimony by Officers Albert Caballero and Jeff Downs, who were present at his arrest.  Both officers testified at trial that Officer Caballero retrieved the gun; but at the preliminary hearing, Officer Downs had testified that he was the one who had retrieved it. And at trial Officer Downs testified that he removed a round from the gun's chamber and that "we also took the magazine out," whereas Officer Caballero testified that he cleared the weapon.  R., Vol. 1 pt. 2 at 336.

Applicant complains that his trial counsel was ineffective in not pointing out these inconsistencies to the jury.  But reasonable jurists could certainly decide that the inconsistencies were sufficiently minor that the prejudice prong of *Strickland* was not satisfied.  The OCCA's rejection of this claim on the merits was not contrary to or an unreasonable application of federal law.

### 3.    Scratches on the Gun

Applicant argues that his trial counsel was ineffective for "failing to challenge the lack of scratches on the gun," Aplt. Br. at 19–20, which would presumably have suggested that he did not throw the gun out of the car and that the officers planted it.  But there is no evidence in the record that the gun did not

have scratches, and one officer testified that it was a "[l]ittle scraped up." R., Vol. 1 pt. 2 at 340. The OCCA's rejection of this claim on the merits was therefore not unreasonable under federal law.

### 4.  Testimony on Gun Being Operational

Applicant contends that his trial counsel was ineffective because she failed to object to the testimony of a forensics firearms examiner that the gun was functional. In his direct appeal Applicant argued that trial counsel should have objected because the functionality of the gun was not an element of the crime. We agree that the testimony was not particularly relevant (although it could counter the theory that the gun had been abandoned by someone), but it was also not unfairly prejudicial. We must defer to the reasonable decision of the OCCA that Applicant had not shown "that [trial] counsel's performance was professionally unreasonable." Summ. Op. at 2, *Doyle*, No. F-2005-157 (R., Vol. 1 pt. 2 at 266).

### 5.  Investigation of Conspiracy

Applicant argues that his trial counsel was ineffective for failing to investigate the conspiracy among the arresting officers and another officer to plant the gun on him. He claims that he told trial counsel of his suspicions that he was framed by the officers and that she "ignored [Applicant's] concerns and conducted no investigat[ion] on this information." Aplt. Br. at 12.

But Applicant has not shown prejudice from the failure to investigate because he has not pointed to any evidence not already known that would have been discovered through an investigation. *See Harris v. Dinwiddie*, 642 F.3d 902, 905 n.5 (10th Cir. 2011).

### D.     Cumulative Errors

Applicant argues that the cumulative effect of trial errors resulted in a fundamentally unfair trial. On direct appeal the OCCA held that "because we find no error in trial counsel's performance or the trial itself, there can be no accumulation of error," Summ. Op. at 2, *Doyle*, No. F-2005-157 ®. Vol. 1 pt. 2 at 266). No reasonable jurist would determine that the district court's rejection of this claim was debatable or wrong.

### E.     Excessive Sentence

Applicant argues that a 50-year sentence for a "non-violent crime" by a defendant who had "non-violent priors is constitutionally excessive under the specific facts and circumstances of this case." Aplt. Br. at 21. But "[w]e afford wide discretion to the state trial court's sentencing decision, and challenges to the decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000). Because the sentence "was within the statutory range provided by Oklahoma law," the district court denied

relief.  *Doyle*, 2011 U.S. Dist. LEXIS 26679, at \*28 (R., Vol. 1 pt. 2 at 381).  No reasonable jurist could debate the district court's decision.

## III.   CONCLUSION

We DENY Applicant's application for a COA and DISMISS this appeal.


ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge